PETERSON, Judge.
This is an appeal from an order dismissing with prejudice appellant’s third amended complaint. We reverse and remand for further proceedings.
Appellant, a plaintiff below, complained that Volusia County improperly issued a tax deed for subsurface property rights by failing to comply with applicable statutory notice requirements and by issuing a single tax deed to convey subsurface rights to multiple parcels. The subsurface rights affected a number of lots in a subdivision. The tax certificate was issued to Volusia County and the tax deed to R.L. Hart, but both described subsurface rights that affected many lots in a subdivision, the fee simple titles to which lots were owned by a number of persons individually.
The third amended complaint alleged that the tax deed was void because:
*1385 1. A notice of delinquency of taxes pri- or to the sale of tax certificates was not given to each owner of a fee to which the subsurface rights were attached.
2. Each fee owner was not given the opportunity to purchase a single certificate covering the subsurface rights below their fee.
3. The required notice of the tax deed sale was published only once rather than on four consecutive weeks as prescribed by section 197.512, Florida Statutes (1987).
4. Section 197.502(1), Florida Statutes (1985), was not followed in that a separate tax deed for the subsurface rights was not issued for each parcel[1] of property listed in the tax certificates.
The third amended complaint was countered with a motion to dismiss in which the following grounds were set forth:
1. Section “97.343” does not require that the fee owner of the surface rights may purchase a single tax certificate covering the subsurface rights below that fee.
2. The plaintiff acquired no rights by a violation of section 197.502(1), and a separate tax deed need not be issued for each parcel described in a tax certificate.
3. Plaintiff failed to allege facts showing standing to bring the action.
4. Co-plaintiff, Charles R. Powell, failed to allege his ownership interest in any property described in the tax deed.
The trial court’s reasons for dismissing the plaintiffs’ complaint were:
Under 193.481, Florida Statutes provide that when sub-surface rights are separated from the fee title to the land, sub-surface rights may be taxed separately and separate tax certificates issued thereon. On date of Tax Sale Certificate, May 20, 1985, sub-surface rights were taxed separately in the name of Atlantic International Investment Company. In Mortgage Book 304, page 10693, it appears that the Notice of Application for Tax Deed was published four times.
The applicable statutes pertinent to this appeal that prescribe the procedures for the sale of tax certificates and the subsequent issue of tax deeds for subsurface rights are found in the following sections of Florida Statutes (1985):
197.343 Tax notices; additional notice required.—
* He * * * *
(2) When the taxes under s. 193.481 on subsurface rights have become delinquent and a tax certificate is to be sold under this chapter, a notice of the delinquency shall be given by registered mail to the owner of the fee to which these subsurface rights are attached. On the day of the tax sale, the fee owner shall have the right to purchase the tax certificate at the maximum rate of interest provided by law before bids are accepted for the sale of such certificate.
197.502 Application for obtaining tax deed by holder of tax sale certificate; fees.—
(1) The holder of any tax certificate, other than the county at any time after 2 years have elapsed since April 1 of the year of issuance of the tax certificate and before the expiration of 7 years from the date of issuance, may file the certificate and an application for a tax deed with the tax collector of the county where the lands described in the certificate are located. The application may be made on the entire parcel of property or any part thereof which is capable of being readily separated from the whole. Consolidated applications on more than one tax certificate are allowed, but a separate statement shall be issued pursuant to subsection (4), and a separate tax deed shall be issued pursuant to s. 197.- *1386 552, for each parcel of property shown on the tax certificate.[2]
197.512 Notice, form of publication for obtaining tax deed by holder.—
(1) Upon the receipt of the application as provided by s. 197.502, and after the proper charges have been paid, the clerk shall publish a notice once each week for 4 consecutive weeks at weekly intervals in a newspaper selected as provided in s. 197.402. The form of notice of the application for a tax deed shall be as prescribed by the department. No tax deed sale shall be held until 80 days after the first publication of the notice.
(2) Proof of the publication or posting of the notice provided for in this section shall be filed by the clerk of the circuit court in his office on or before the date fixed for the making of the sale. When there is no newspaper, the clerk shall execute and file in his office a certificate of the posting of the notices, stating where and on what dates the notices were posted.
(3) Upon ultimate disposition of the application for a tax deed, the clerk shall enter his certificate of notice and his certificate of advertising in the public records of the county with such other relevant documents as may be required by the department.
NOTICE OF TAX SALE CERTIFICATE UNDER SECTION 197.343(2)
The problem with the trial court’s order is that, while it is correct in stating that, under section 193.481, Florida Statutes, subsurface rights may be taxed separately and separate certificates issued thereon, it fails to recognize that the plaintiff did not complain about that portion of the procedure. The plaintiff complained primarily about the lack of notice under section 197.343(2), Florida Statutes. That subsection requires notice by registered mail to be given to the owner of the fee that taxes are delinquent on the subsurface rights that are being taxed separately from the fee simple interest. We conclude that the subsection contemplates a situation such as exists in this case where the subsurface rights and the fee are owned by different parties. The subsection also shows a preference for reunification of the fee and the subsurface rights in giving the fee owner preferential treatment in purchasing the tax certificate. The failure to provide the statutory notice denied plaintiff the opportunity to purchase the certificates and to merge the titles to the two classes of property rights if a tax deed could later be obtained.
A tax deed is void where requirements of notice to the titleholder are not strictly followed. Weiss v. Prudential Enterprises, Inc., 387 So.2d 457 (Fla. 1st DCA 1980). The validity of a tax deed depends on the validity of the underlying tax assessments and compliance with all constitutional and statutory conditions prerequisite to their issuance. D.R.L., Inc. v. Murphy, 508 So.2d 413, 415 (Fla. 5th DCA), rev. denied, 518 So.2d 1277 (Fla.1987). Although the cases cited above refer to titleholders and the owners in the instant case do not hold title to the subsurface rights, we believe that the plaintiff stated, and has, a cause of action for cancellation of the tax deed by alleging, inter alia, that the county failed to give the notice required under section 197.343(2). No other requirements for notice to owners of fees to which the subsurface rights are taxed separately have been found or have been pointed out to us, and if, as alleged, the county failed to give notice of the tax delinquency, the fee owners were effectively denied the right to an opportunity to purchase the tax certificate and possibly to reunite the fee with the subsurface rights. Therefore, the court erred in dismissing the complaint based on the fact that section 193.481 permits subsurface rights to be “taxed separately and separate tax certificates issued thereon” when the subsurface rights are separated from the fee title.
*1387 STANDING
In support of the order of dismissal, the county argues that the court dismissed the action because Cape Atlantic lacked standing — a ground upon which prior versions of the complaint were dismissed. However, the trial court’s order dismissing the second amended complaint included leave to amend with the requirement that the amended complaint contain the allegation that Cape Atlantic was authorized by its member property owners to file the action. It appears that the plaintiffs compliance with that order in the third amended complaint disposed of the question whether Cape Atlantic had standing to sue as a representative of the individual lot owners. The county does not cross-appeal the propriety of that order; therefore, the issue is not before us for consideration.
In its motion to dismiss, the county also contended that co-plaintiff Powell failed to allege an interest in any property described in the tax deed. Presumably, the county meant that Powell insufficiently pleaded ownership of one of the lots to which the subsurface rights in issue were attached. Since it appears that the trial court did not dismiss the complaint on that ground, and since neither party raises the issue on appeal, we decline to address it further. The issue may be considered on remand.
PUBLICATION
The court found by reference to the mortgage book that, contrary to the plaintiffs allegation, notice of the application for the tax deed was published four times. A motion to dismiss a pleading seeking affirmative relief tests the legal sufficiency of the pleading. Augustine v. Southern Bell Tel. & Tel. Co., 91 So.2d 320 (Fla.1956). It admits all well-pleaded allegations of the pleading to which it is directed and asserts that the pleading does not state a cause of action on the grounds specified. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla.1956). Extrinsic facts are not considered in a motion to dismiss, and it was error for the trial court to dismiss the third amended complaint by somehow determining that notice was published four times as shown in the public records.
SEPARATE TAX DEEDS
Cape Atlantic alleged in its complaint that section 197.502(1), Florida Statutes (1985), requires separate tax deeds for each parcel of property listed in the tax certificate. Only one “parcel” was described in the tax certificate — the subsurface rights to a portion of the subdivision. We find no requirement, and none has been pointed out, that separate tax deeds be issued because the surface rights had been subdivided.[3] While there is no merit in this portion of the complaint, the lack of merit did not warrant dismissal because other portions stated a cause of action, such as lack of notice by registered mail, an issue which we addressed earlier.
The trial court erred in dismissing the complaint on the grounds stated in the order of dismissal, and although the third amended complaint was not a model of pleading, we do not believe its deficiencies warranted a dismissal with prejudice. The order of dismissal is therefore reversed.
REVERSED and REMANDED.
HARRIS and GRIFFIN, JJ., concur.

. Appellant does not define "parcel" of property. We believe that a parcel is an interest in real property, the description of which is created by the county property appraiser for convenience as a single entry on the tax rolls and is assigned a single "parcel number.” The parcel may be of any size and any combination of descriptions, including multiple lots in a subdivision. The appellant appears to be referring to a "parcel” as one lot or part of a lot in a subdivision.

. The 1987 statutes deleted this last sentence of the subsection but added the deleted language as subsection (9).

. We view the language in the last sentence of section 197.502(1), Florida Statutes (1985), as requiring a separate tax deed for each tax certificate notwithstanding an application by one individual holder of multiple tax certificates for a single deed.