DISCIPLINARY PROCEEDING
PER CURIAM.
Respondent, Gary M. O’Neill, pleaded guilty in federal court to one count of knowingly devising a scheme to defraud policyholders of Champion Insurance Company and the Louisiana Insurance Guaranty Association to obtain money by false pretenses in violation of 18 U.S.C. §§ 1341 and 2. In furtherance of the scheme, respondent knowingly and willfully mailed an insurance application which constituted mail fraud. Furthermore, respondent pleaded guilty in federal court to one count of knowingly-executing and attempting to execute a scheme to obtain money by false and fraudulent pretenses from a federally insured bank in violation of 18 U.S.C. §§ 1344 and 2. Respondent was sentenced on both counts to concurrent twelve month terms of imprisonment, followed by concurrent terms of three years of supervised probation. The trial judge expressly noted that relator was a minor participant in the overall scheme who might not have been prosecuted at all if he had not submitted himself and his information to the government. The judge accordingly accepted the government’s recommendation that the judge depart downward from the mandatory-sentencing guidelines because of respondent’s “very significant cooperation, without which the case may not have been made at all.”
On petition of disciplinary counsel, respondent was interimly suspended on Sep *739 tember 20, 1991, pursuant to La.Sup.Ct.R. XIX, § 24 A. Respondent tendered a conditional admission to the charges under the consent discipline provisions of La.Sup. Ct.R. XIX, § 20, agreeing, with disciplinary counsel’s concurrence, to a thirty-month suspension as a sanction.
Upon review of the record, the Hearing Committee rejected the consent agreement and recommended disbarment, finding that the appropriate baseline sanction for respondent’s violations was disbarment and that the recommended suspension was inadequate. Respondent objected to the Hearing Committee’s recommendation, urging that the recommended suspension was appropriate. The Disciplinary Board after a hearing recommended a thirty-month suspension to this court, with four members dissenting from that recommendation.
Upon review of the findings and recommendations of the Hearing Committee and the Disciplinary Board, and upon consideration of the record filed herein, this court adopts the recommendations of the Disciplinary Board. Respondent’s offenses, viewed in light of the significant mitigating circumstances, do not warrant disbarment. A thirty-month suspension is an appropriate sanction.
DECREE
Accordingly, it is ordered that Gary M. O'Neill should be suspended from the practice of law for a period of thirty months, effective from the date of his interim suspension by this Court on September 20, 1991. All costs of this proceeding are assessed to respondent.
SUSPENSION ORDERED.
KIMBALL, J., not on panel.