615 So.2d 796 (1993)
Linda G. THOMPSON, Appellant,
v.
PUBLIX SUPERMARKETS, INC., a Florida corporation, Appellee.
No. 92-1183.
District Court of Appeal of Florida, First District.
March 16, 1993.
*797 Stephen J. Pajcic, III, and Robert J. Link of Pajcic & Pajcic, P.A., Jacksonville, for appellant.
Charles B. Carter of Jones, Carter, Singer & Cervone, P.A., Gainesville, for appellee.
PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of an order which denied her motion for rehearing requesting that she be permitted to amend her complaint further. We conclude that the trial court abused its discretion and, accordingly, reverse.
Initially, appellant filed a complaint in which she alleged that she had been injured as the result of negligence on the part of the defendants. Appellee was not among the defendants named. Subsequently, appellant sought leave to file an amended complaint which, among other things, added a count against appellee. That motion was granted.
Appellee filed a motion to dismiss the count of the amended complaint naming it as a defendant on the ground that it failed to state a cause of action. The trial court granted appellee's motion to dismiss, noting what it believed to be the legal deficiencies of the claim. However, without explanation, the trial court dismissed the count against appellee with prejudice.
Appellant timely filed a motion for rehearing, in which she requested that the trial court amend the order granting appellee's motion to dismiss, so that the dismissal would be without prejudice. Appellant also requested that the trial court permit her to file a second amended complaint, a copy of which was attached to the motion. Again without explanation, the trial court denied the motion for rehearing. This was error.
Our rules of civil procedure evidence a clear policy that, absent exceptional circumstances, requests for leave to amend pleadings be granted. Fla.R.Civ.P. 1.190(a). "Although granting leave to amend rests within the sound discretion of the trial court, all doubts should be resolved in favor of allowing amendment. It is the public policy of this state to freely allow amendments to pleadings so that cases may be resolved upon their merits." Adams v. Knabb Turpentine Co., 435 So.2d 944, 946 (Fla. 1st DCA 1983). "As a general rule, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile." Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Cooperative Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991), review dismissed, 598 So.2d 76 (Fla. 1992).
The record does not reflect why the trial court refused to permit appellant to amend further. However, it is clear from the record that this was only appellant's first request to amend the count of her complaint which named appellee as a defendant. Moreover, our reading of the proposed amendment satisfies us that it is legally sufficient to state a cause of action against appellee. Finally, it is clear that permitting the amendment requested by appellant would not have prejudiced appellee.
Accordingly, we conclude that the trial court abused its discretion when it denied appellant's motion for rehearing. Therefore, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
JOANOS, C.J., and ZEHMER and WEBSTER, JJ., concur.