| iVICTORY, Justice,
dissenting.
The majority stretches mightily in its attempt to justify the totally inadequate sanction imposed in this case. No law is cited and there is no attempt to compare respondent’s conduct with that of prior cases in order to determine an appropriate sanction.
*322 The majority acknowledges respondent was convicted in federal court of two serious felonies involving fraud. See Section 19(B) of Supreme Court Rule XIX. Disbarment is the baseline punishment when a lawyer commits serious criminal conduct such as fraud. In Re King, 94-0686 (La. 11/30/94), 646 So.2d 326; Louisiana State Bar Association v. Wilkinson, 562 So.2d 902 (La.1990).
In one of these felonies, the jury unanimously found respondent guilty of fraud in charges that read as follows:
On or about November 26, 1985, in the Western District of Louisiana, defendant EDMUND M. REGGIE, being an attorney, agent and connected in a capacity with ACADIA SAVINGS, with the intent to injure and defraud ACADIA SAVINGS, did knowingly and willfully misapply and cause to be misapplied the sum of $700,000 from the funds of ACADIA SAVINGS, in that defendant REGGIE, without disclosing same to ACADIA SAVINGS, required as a condition of a $2,539,200 loan by ACADIA SAVINGS to Triad Enterprises, Inc., that $700,000 of these proceeds to used by Triad to purchase real estate foreclosed on and owned by LOUISIANA BANK, a financial institution in which defendant REGGIE had a substantial financial interest.
[2In the other felony conviction, respondent did not contest the charges of fraud, which read as follows:
On or about February 28, 1986, in the Western District of Louisiana, defendant EDMUND M. REGGIE, being an attorney, agent and connected in a capacity with ACADIA SAVINGS, while knowingly and willfully aided and abetted by defendant KENNETH COMEAUX, defendant OSCAR BOSWELL, II, defendant SEA-BORN R. WICKER, JR., and defendant RAY B. PITTS, knowingly with the intent to injure and defraud ACADIA SAVINGS, did knowingly and willfully misapply and cause to be misapplied the sum of $425,000 from the funds of ACADIA SAVINGS, in making a $425,000 loan to Irrigation Equipment, Ltd.
In order to convict, the jury must find guilt beyond a reasonable doubt. In spite of our Rule XIX, Section 19(E), which provides that a final conviction is conclusive evidence of guilt in bar discipline matters, the majority strongly implies that respondent really was not guilty of these crimes. If we are not willing to truly honor our own rules, how can we expect lawyers to follow the rales that are established to preserve the integrity of the legal profession?
Contrary to the mitigating circumstances found by the majority, I note that in sentencing the respondent, the federal judge stated:
(1) On motive and personal gain. “The extent of any benefit was that the Louisiana Bank of Crowley, where the defendant was an officer and stockholder, was sweetened by the loan involved which may have allowed the Louisiana Bank to operate a little longer and cause a temporary increase in the value of Mr. Reggie’s stock in the bank ... ”.
(2) On the sentence imposed. “With this conviction, the defendant has probably forfeited his legal career ... ”.
(3) On the defendant’s acceptance of the verdict. “The court will not condemn the defendant for his failure to accept any responsibility for his conviction ... ”.
The majority’s mitigating circumstance of “withdrawal of appeal and plea of nolo con-tendere for the benefit of codefendants, family, and friends” Rmakes no sense unless one contends that respondent really is not guilty of these crimes. Yet, when respondent dropped his appeal of the first felony conviction and entered his nolo contendere plea for the second felony conviction, the trial judge had already refused to dismiss the jury conviction, holding that the evidence was sufficient to convict. Respondent was facing other felony charges which were dropped as part of a plea bargain when he entered his nolo contendere plea.
The majority’s claim that respondent’s “consent to interim suspension” is a mitigating factor is very weak, as this Court surely would have issued an interim suspension for two felony convictions without his consent.
Respondent’s cooperation with bar association authorities should not weigh much in mitigation. We should expect such diselo- *323 sure and cooperation as the baseline standard for all lawyers. Further, in respondent’s case, the fact that he had been twice convicted could hardly be denied.
The majority’s “absence of a prior disciplinary record” also should not weigh much in mitigation in this case or any case. Our baseline standard should be adherence to all laws and ethical standards. We should expect, as a norm, a lawyer to have no prior disciplinary record. If he does, it should be considered as an aggravating factor.
Again, the majority’s contention that the convictions were not related to respondent’s practice of law carries little weight in mitigation. Two felony convictions for fraud in federal court directly reflect on a lawyer’s moral fitness to practice law.
As previously stated, no attempt has been made by the majority to compare the respondent’s conduct in the instant ease with that of prior cases to determine an appropriate sanction. Only six months ago, this Court | unanimously disbarred a female attorney who was convicted in federal court of two felony counts of aiding and abetting mail fraud arising from a scheme aimed to defraud state insurance officials. In Re King, supra. See also In Re O’Neill, 612 So.2d 738 (La.1993) (thirty-month suspension for conviction of one count of mail fraud and one count of executing scheme to defraud a federally funded bank); Louisiana State Bar Association v. Wilkinson, 662 So.2d 902 (La. 1990) (thirty-month suspension following conviction for aiding and abetting wire fraud); Louisiana State Bar Association v. Rosen-thal, 615 So.2d 797 (La.1987) (three-year suspension following conviction for two counts of wire fraud).
In our original opinion, I agreed there were mitigating circumstances in this case sufficient to reduce the baseline sanction of disbarment to suspension for thirty months. However, in my view the majority’s decision to impose only a twelve-month suspension in this ease is inconsistent with the sanctions recently imposed for similar conduct by this court and sends a terrible message to the members of the bar and to the public. I respectfully dissent.