661 So.2d 333 (1995)
James J. WEAVER, Appellant,
v.
SCHOOL BOARD OF LEON COUNTY, Appellee.
No. 94-3224.
District Court of Appeal of Florida, First District.
September 27, 1995.
Rehearing Denied November 6, 1995.
James J. Weaver pro se.
William R. Mabile III & Marjorie M. Cain, of Fuller, Johnson & Farrell, P.A., Tallahassee, for Appellee.
MICKLE, Judge.
Dr. James J. Weaver, the appellant, is an African-American former instructor who filed a racial discrimination action against the School Board of Leon County, Florida, the appellee. Dr. Weaver challenges the granting of a final summary judgment in favor of the School Board. Viewing all the evidence in the light most favorable to Dr. Weaver as the non-moving party, and finding genuine issues of material fact, we reverse the summary judgment and remand for further proceedings. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (setting out criteria for evaluating motion for summary judgment); Sweat v. Miller Brewing Co., 708 F.2d 655 (11th Cir.1983) (summary judgment is inappropriate where employer's intent is clearly disputed in discrimination case).
In 1985, Dr. Weaver filed an administrative complaint with the Florida Commission on Human Relations (F.C.H.R.) against the School Board alleging racial discrimination in hiring. The F.C.H.R. ordered the School Board to hire Dr. Weaver for a full-time teaching position. In January 1990, this court affirmed the adjudication by the F.C.H.R. that the School Board had engaged in racial discrimination. School Bd. of Leon County v. Weaver, 556 So.2d 443 (Fla. 1st DCA 1990). As a result of the F.C.H.R.'s order, the School Board placed Dr. Weaver in a full-time position teaching social studies at Deerlake Middle School in August 1990 under a one-year contract. Later, the School Board approved the Superintendent's recommendation of a transfer of Dr. Weaver in February 1991 to Nims Middle School, where he supervised students in "in-school suspension." His teaching contract was not renewed at the end of the 1990-91 school year, nor was Dr. Weaver accepted into any of the *334 other School Board positions to which he applied.
In January 1993, Dr. Weaver brought an action in the circuit court pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C., sections 1981 and 1988. Title VII makes it unlawful "for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Furthermore, Title VII renders it unlawful "for an employer ... to fail or refuse to hire or to discharge ... any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin... ." 42 U.S.C. § 2000e-2 (a)(1).
In his complaint, Dr. Weaver alleged that shortly after he began work pursuant to the F.C.H.R.'s order in 1990, the School Board initiated "a racially discriminatory and retaliatory course of action" that included 1) payment of an inadequate salary for his educational level, 2) a reassignment to less favorable classes in a different school, 3) the failure to renew his teaching contract at the end of the 1990-91 school year, and 4) the failure to hire him in numerous other School Board positions for which he applied. Dr. Weaver alleged that he had been treated differently from white teachers and applicants, and from other individuals who had not opposed racial inequities. The School Board filed an answer and raised 13 affirmative defenses.
In August 1994, the School Board filed a motion for summary judgment contending that it was entitled to judgment as a matter of law because no genuine issue of material fact existed. Dr. Weaver filed a memorandum and affidavits opposing the motion. The trial court granted the School Board's motion.
Without commenting on the likelihood of success of Dr. Weaver's racial discrimination claims under the instant facts, we must conclude, at this stage, that genuine issues of material fact exist for trial regarding Dr. Weaver's allegations relating to all claims, thereby precluding summary judgment. Having met his responsive burden, Dr. Weaver is entitled to a full and fair opportunity to put on his case.
REVERSED and REMANDED for further proceedings.
BENTON and VAN NORTWICK, JJ., concur.