680 So.2d 478 (1996)
James J. WEAVER, Appellant,
v.
The LEON COUNTY CLASSROOM TEACHERS ASSOCIATION, Appellee.
No. 95-1130.
District Court of Appeal of Florida, First District.
March 27, 1996.
*479 James J. Weaver, pro se.
Robert J. Sniffen of Meyer and Brooks, P.A., Tallahassee, for Appellee.
PER CURIAM.
Appellant, James J. Weaver, appeals the dismissal of his second amended complaint with prejudice. As grounds for the dismissal, the trial court found the second amended complaint failed to state a cause of action under Title VII of the Civil Rights Act of 1964. We reverse.[1]
Appellant filed a complaint against Leon County Classroom Teachers Association (LCTA), pursuant to Title VII of the Civil Rights Act of 1964, and to various provisions of the Florida Statutes. The gravamen of appellant's complaint was that LCTA breached its duty to represent him at Step II of the grievance procedure of the Master Contract between LCTA and the Leon County School Board (Board). The trial court granted LCTA's motion to dismiss, and allowed appellant twenty days to file an amended complaint setting forth any claim he might have under Title VII of the Civil Rights Act. Appellant's amended complaint also met with dismissal, again with leave to file an amended complaint limited solely to any claim appellant might have under Title VII of the Civil Rights Act. The subsequent dismissal with prejudice of appellant's second amended complaint is the subject of this appeal.
In his second amended complaint, appellant alleged that he is a black person who was a member of an instructional unit represented by LCTA at all times relevant to the filing of the grievances here at issue. Appellant further alleged that LCTA is the exclusive representative for all full-time and part-time teachers employed by the Leon County School Board, and that he was employed as a full-time and part-time teacher by the Board from November 1984 until June 1985, and as a full-time teacher from August 1990 until June 1991. Pursuant to the collective bargaining agreement between the Board and LCTA, only LCTA is authorized to take a teacher's grievance through Step II of the grievance process. Appellant alleged that LCTA knew the Board had a history of racial discrimination against him, and that LCTA failed in its duty to represent him at Step II *480 of the grievance procedure after his Step I grievance was denied by the Board. Appellant alleged that LCTA's conduct constituted acquiescence in the racial discrimination practiced against him by the Board.
Civil rights violations through unlawful labor organization practices are governed by 42 U.S.C. § 2000e-2(c), which states:
It shall be an unlawful employment practice for a labor organization
(1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
(2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
(3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.
Federal case law dealing with Title VII is applicable to the allegations of appellant's second amended complaint.[2] A union's duty of fair representation is breached by arbitrary perfunctory conduct which exhibits something more than simple negligence. Farmer v. ARA Services, Inc., 660 F.2d 1096, 1103 (6th Cir.1981). "`Unexplained union inaction' which substantially prejudices a member's grievance may be sufficiently arbitrary to constitute unfair representation." Id. In Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), the Court affirmed the trial and intermediate appellate court judgments of union liability for racial discrimination, saying:
The Unions submit that the only basis for any liability in this case under Title VII is § 703(c)(3), which provides that a Union may not "cause or attempt to cause an employer to discriminate against an individual in violation of this section," 78 Stat. 256, 42 U.S.C. § 2000e-2(c)(3), and that nothing the District Court found and the Court of Appeals accepted justifies liability under this prohibition. We need not differ with the Unions on the reach of § 703(c)(3), for § 703(c)(1) makes it an unlawful practice for a Union to "exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin." 78 Stat. 255, 42 U.S.C. § 2000e-2(c)(1). (Emphasis added.) Both courts below found that the Unions had indeed discriminated on the basis of race by the way in which they represented the workers, and the Court of Appeals expressly held that "[t]he deliberate choice not to process grievances also violated § 703(c)(1) of Title VII." [Goodman v. Lukens Steel Co.] 777 F.2d [113], at 127 [(3rd Cir.1985)]. The plain language of the statute supports this conclusion.
482 U.S. at 667, 107 S.Ct. at 2624. In affirming the judgment of the lower courts, the Supreme Court further observed that "[t]he courts below, in our view, properly construed and applied Title VII and § 1981." 482 U.S. at 669, 107 S.Ct. at 2625.
In this case, appellant alleged that despite its knowledge of the Board's past racial discrimination against him, the union acquiesced in the Board's retaliatory acts by failing to advise him of his right to have LCTA file a Step II grievance on his behalf after the Board denied his grievances. Appellant also alleged the LCTA refused to accept his request to file a Step II grievance procedure on his behalf, and the LCTA's failure to take any action in the face of the Board's acts of racial discrimination and retaliation caused him to be deprived of employment opportunities and affected his status as an employee. The trial court concluded the complaint failed to state a cause of action because there had been no showing that LCTA's failure to process *481 appellant's grievances was due to his race.
The party moving for dismissal necessarily admits the truth of all facts in evidence, and every reasonable conclusion or inference based thereon favorable to the nonmoving party. Thalgott v. Thalgott, 571 So.2d 1368, 1370 (Fla. 1st DCA 1990). See also City of Gainesville Code Enforcement Board v. Lewis, 536 So.2d 1148, 1150 (Fla. 1st DCA 1988). Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action. Madison County v. Foxx, 636 So.2d 39, 51 (Fla. 1st DCA 1994); Carr v. Dean Steel Buildings, Inc., 619 So.2d 392, 394 (Fla. 1st DCA 1993). Our review of a dismissal of a complaint with prejudice for failure to state a cause of action is de novo. McKinney-Green, Inc. v. Davis, 606 So.2d 393, 394 (Fla. 1st DCA 1992); Abruzzo v. Haller, 603 So.2d 1338, 1339 (Fla. 1st DCA 1992).
To state a cause of action, a complaint need only contain a short and plain statement as to the ultimate facts which indicate the pleader is entitled to relief. "The court must assume that all of the facts alleged in the complaint are true and must draw all reasonable inferences in favor of the pleader." Shahid v. Campbell, 552 So.2d 321, 322 (Fla. 1st DCA 1989). The court may not go beyond the four corners of the complaint in testing the legal sufficiency of the allegations. Fish v. Post of Amvets No. 85, 560 So.2d 337, 338 (Fla. 1st DCA 1990); Crews v. Ellis, 531 So.2d 1372, 1374 (Fla. 1st DCA 1988). See also Cape Atlantic Landowners Association, Inc. v. County of Volusia, 581 So.2d 1384, 1387 (Fla. 5th DCA 1991).
Although we offer no view as to appellant's ability to prove his claims at trial, see Weaver v. School Board of Leon County, 661 So.2d 333 (Fla. 1st DCA 1995), we conclude the second amended complaint sufficiently stated a cause of action under our notice pleading. Therefore, we reverse the order dismissing appellant's second amended complaint with prejudice, and remand for further proceedings.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.
NOTES
[1] Our disposition of this issue makes it unnecessary to address the remaining points appellant has raised in this appeal.
[2] Florida's Human Rights Act is patterned after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. See Florida Department of Community Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991); School Board of Leon County v. Hargis, 400 So.2d 103, 108 n. 2 (Fla. 1st DCA 1981).