700 So.2d 66 (1997)
UNDEREDUCATED FOSTER CHILDREN OF FLORIDA, including Child B, Child C and Two Forgotten Disposition Thereof, if Filed. Children, on their own behalf and on behalf of all other Foster Children Similarly Situated, Appellants,
v.
FLORIDA SENATE, Florida House of Representatives, Lawton Chiles as Governor of the State of Florida, and presiding officer of the State Board of Education, Frank Brogan as Commissioner of Education of the State of Florida, State Board of Education, a Public Florida Corporation, and Edward Feaver as Secretary of the Department of Health and Rehabilitative Services, Appellees.
No. 96-4549.
District Court of Appeal of Florida, First District.
September 25, 1997.
George L. Metcalfe, Coral Gables; Jerold Feuer, Miami; and Karen Gievers, Miami, for Appellants.
Robert A. Butterworth, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellees.
Robert A. Butterworth, Attorney General, and D. Stephen Kahn, Assistant Attorney General, Tallahassee, for Appellee Florida Senate.
*67 Robert A. Butterworth, Attorney General, Thomas R. Tedcastle, Assistant Attorney General, and Eric J. Thorn, Assistant Attorney General, Tallahassee, for Appellee Florida House of Representatives.
PER CURIAM.
This cause is before us on appeal from an order of the lower court dismissing Appellants' complaint with prejudice and granting final judgment in favor of Appellees.
Appellants, "Undereducated Foster Children of Florida including Child B, Child C and Two Forgotten Children," filed suit in the Leon County Circuit Court on their behalf and on behalf of all other foster children against Appellees, seeking declaratory and injunctive relief relating to Florida's foster care system. Thus, Appellants seek to have this court:
1. Declare unlawful Appellees' practice of keeping children in foster care for longer than the 12 to 18 months allowed by law;
2. Declare the present foster care system in violation of Article IX, Section 1 of the Florida Constitution, the provision requiring that Florida's education be adequate and uniform;
3. Order Appellees to provide school-aged children in foster care with tutors or other appropriate educational assistance so that foster care does not impinge on the children's constitutionally protected right to adequate and uniform education; and
4. Order the foster care program be restructured to comply with length-of-stay laws.
The lower court dismissed Appellants' suit with prejudice, finding that, given the issues as framed in the complaint, Appellants could not plead any facts invoking the court's jurisdiction. This appeal followed.
Dismissal of a complaint with prejudice should only be granted when the pleader has failed to state a cause of action and it conclusively appears there is no possible way to amend the complaint to state a cause of action. Weaver v. Leon County Classroom Teachers Ass'n, 680 So.2d 478, 481 (Fla. 1st DCA 1996).
As to the first claim, Appellants do not contend that the time limitation of section 39.45(2), Florida Statutes, is a mandatory requirement, but rather concede that the provision is a statement of legislative intent. In the Interest of J.A., 561 So.2d 356, 358 (Fla. 3d DCA 1990).
Appellants' second claim would require a constitutional guarantee of equal educational performance by foster children rather than a right to uniform educational opportunity. A plain reading of Article IX, Section 1, contemplates protection of the latter, not the former.[1]St. Johns County v. Northeast Florida Builders Ass'n, Inc., 583 So.2d 635, 641 (Fla.1991)("The Florida Constitution only requires that a system be provided that gives every student an equal chance to achieve basic educational goals prescribed by the legislature." (emphasis added)). School Bd. of Escambia County v. State, 353 So.2d 834, 837 (Fla.1977); see also Florida Dep't of Educ. v. Glasser, 622 So.2d 944, 949 (Fla.1993) (Justice Kogan specially concurring).
Appellants' remaining claims seek relief that is outside the province of this court. Dade County Classroom Teachers Ass'n, Inc. v. Legislature, 269 So.2d 684, 686 (Fla.1972); see also, Chiles v. Children A, B, C, D, E, and F, 589 So.2d 260 (Fla. 1991). Coalition for Adequacy and Fairness in School Funding, Inc. v. Chiles, 680 So.2d 400, 407 (Fla. 1996). Accordingly, the judgment below is affirmed.
BOOTH and JOANOS, JJ., concur.
VAN NORTWICK, J., concurs in part and dissents in part with opinion.
VAN NORTWICK, Judge, concurring in part and dissenting in part.
I agree with the majority that the appellants' complaint fails to state a cause of action. Thus, I concur in the holding of the majority opinion with respect to the counts in the complaint as alleged. Because I conclude *68 that it was error for the trial court to deny the appellants' request for leave to amend their initial complaint, however, I would remand to allow appellants opportunity to amend. Accordingly, I respectfully dissent in part.
At the hearing below, when the trial court announced its ruling granting the appellees' motion to dismiss, the appellants promptly sought leave to file an amended complaint. Although appellees opposed the motion for leave to amend, they seemed to concede that certain of the complaint's deficiencies could be cured. Nevertheless, the lower court dismissed the complaint with prejudice without giving the appellants any opportunity to file an amended complaint.
Even though I may view this as a novel action, I am not sufficiently omniscient to conclude based solely on the allegations in the initial complaint that there is no possible way for appellants to amend the complaint to state a cause of action. See Weaver v. Leon County Classroom Teachers Assoc., 680 So.2d 478, 481 (Fla. 1st DCA 1996). In view of Florida's liberal policy of granting leave to amend pleadings, see rule 1.190(a), Florida Rules of Civil Procedure ("Leave of court [for the filing of an amended pleading] shall be freely given when justice so requires."); Thompson v. Publix Supermarkets, Inc., 615 So.2d 796, 797 (Fla. 1st DCA 1993), and the lack of any demonstration in the record that amendment would be futile, that the appellants had abused the amendment privilege, or that allowing amendment would prejudice appellees, I must conclude that the lower court abused its discretion in denying appellants' leave to amend their complaint. See Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993); Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Cooperative Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991), rev. dismissed, 598 So.2d 76 (Fla. 1992).
NOTES
[1] The word "adequate" as used in Appellants' complaint is not in the constitutional provision.