VAN NORTWICK, Judge,
concurring in part and dissenting in part.
I agree with the majority that the appellants’ complaint fails to state a cause of action. Thus, I concur in the holding of the majority opinion with respect to the counts in the complaint as alleged. Because I con- *68 elude that it was error for the trial court to deny the appellants’ request for leave to amend their initial complaint, however, I would remand to allow appellants opportunity to amend. Accordingly, I respectfully dissent in part.
At the hearing below, when the trial court announced its ruling granting the appellees’ motion to dismiss, the appellants promptly sought leave to file an amended complaint. Although appellees opposed the motion for leave to amend, they seemed to concede that certain of the complaint’s deficiencies could be cured. Nevertheless, the lower court dismissed the complaint with prejudice without giving the appellants any opportunity to file an amended complaint.
Even though I may view this as a novel action, I am not sufficiently omniscient to conclude based solely on the allegations in the initial complaint that there is no possible way for appellants to amend the complaint to state a cause of action. See Weaver v. Leon County Classroom Teachers Assoc., 680 So.2d 478, 481 (Fla. 1st DCA 1996). In view of Florida’s liberal policy of granting leave to amend pleadings, see rule 1.190(a), Florida Rules of Civil Procedure (“Leave of court [for the filing of an amended pleading] shall be freely given when justice so requires.”); Thompson v. Publix Supermarkets, Inc., 615 So.2d 796, 797 (Fla. 1st DCA 1993), and the lack of any demonstration in the record that amendment would be futile, that the appellants had abused the amendment privilege, or that allowing amendment would prejudice appellees, I must conclude that the lower court abused its discretion in denying appellants’ leave to amend their complaint. See Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993); Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Cooperative Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991), rev. dismissed, 598 So.2d 76 (Fla. 1992).