754 So.2d 198 (2000)
Edward MEYERS and Tammy Meyers, Appellants,
v.
The CITY OF JACKSONVILLE, Appellee.
No. 1D99-1537.
District Court of Appeal of Florida, First District.
April 17, 2000.
*199 Gregory A. Lawrence of Thomas & Lawrence, P.A., Jacksonville, for Appellants.
Richard A. Mullaney, General Counsel; Virginia Baker Norton, Assistant General Counsel; and John R. Jolly, Deputy General Counsel, Jacksonville, for Appellee.
BROWNING, J.
Appellants, Edward and Tammy Meyers, who are husband and wife, appeal the trial court's order dismissing their amended complaint with prejudice. The trial court found that Appellee, the City of Jacksonville (City), had a legal duty to comply with statutory requirements governing wheelchair accessibility after the City undertook substantial renovations to one of its office buildings. The sole issue on appeal is whether the trial court reversibly erred subsequently by finding that Appellants' failure to plead discriminatory intent on the part of the City justified dismissal of the amended complaint with prejudice. Concluding that the amended complaint states a cause of action under a common-law negligence theory, we reverse the dismissal order and remand for further proceedings consistent with this opinion.
In their initial complaint, Appellants alleged that on or about November 14, 1997, Mr. Meyers, who requires the use of a wheelchair, attempted to enter the City's Traffic Violations Bureau office; that in 1994, the City had purchased the building and subsequently made substantial renovations to the building and changed its use by opening the Traffic Violations Bureau office; that the building has a raised entrance, requiring the public to ascend a flight of stairs to enter it; that despite the City's purchase of, and substantial renovations to, the building, the City provided no wheelchair ramp or other means by which persons using wheelchairs, including Mr. Meyers, could safely access the building; *200 that as a direct and legal result of the City's failure to provide wheelchair accessibility to the building, Mr. Meyers fell down the flight of stairs at the building's entrance and was severely injured; and that Appellants had satisfied all conditions precedent to the filing of this action.
In Count One, a negligence claim, Appellants alleged that as the City's substantial renovation and change of use of the building in question occurred well after 1991, the Americans With Disabilities Act of 1990, 42 U.S.C., section 12101 et seq., required that a wheelchair ramp or other means of accessibility be provided for persons using wheelchairs; that the City's failure to provide wheelchair accessibility at the building violated the Florida Americans With Disabilities Accessibility Implementation Act (the Florida Act), Section 553.501, Florida Statutes (1997), et seq., as well as numerous building, safety, and accessibility regulations, codes, and guidelines; that the City was negligent in breaching its duty to comply with the statutory mandate to provide wheelchair accessibility to the building; and that as a result of the City's negligence, Mr. Meyers has suffered bodily injury, aggravation of a preexisting injury, pain and suffering, disability, mental anguish, property damage, past and future medical expenses, lost wages, and the impairment of his ability to earn future wages. Appellants demanded judgment for compensatory damages, costs, and any additional relief deemed appropriate by the court.
In Count Two, a loss of consortium claim, Mrs. Meyers alleged that as a result of the City's negligence, she has suffered the loss of her husband's support and services, companionship, and affection. Appellants demanded judgment for compensatory damages, costs, and any additional relief deemed appropriate by the court.
Count Three, a claim based on failure to provide public records, alleged that on April 3, 1998, pursuant to Chapter 119, Florida Statutes, Appellants served a letter to the City by certified mail requesting public records relating to the City's purchase and renovation of the building in question; that a follow-up letter was written requesting the documents and seeking additional documents; that the City had refused to provide the requested documents, in direct violation of Florida statutes; and that Appellants are entitled to an award of reasonable attorney's fees under section 119.112, Florida Statutes (1997). Appellants demanded that the City provide the requested documents and pay costs and fees. Appellants also sought an accelerated hearing pursuant to section 119.11, Florida Statutes (1997).
The City raised the defense of sovereign immunity and moved to dismiss the complaint for failure specifically to allege compliance with the requirements of section 768.28, Florida Statutes (1997). See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979); Wright v. Polk County Pub. Health Unit, 601 So.2d 1318 (Fla. 2d DCA 1992). The City amended its motion to dismiss and alleged that Appellants had styled their complaint as a negligence action grafted onto an Americans With Disabilities Act action, to circumvent both Congressional intent and the case law relating to the Act, in an effort to recover compensatory damages. The City asserted that absent a showing of discriminatory intent of governmental entities covered under Title II of the Americans With Disabilities Act, compensatory damages are not an available remedy under the Act, and Congress never intended compensatory damages to be an available remedy under the Act. See Ferguson v. City of Phoenix, 157 F.3d 668 (9th Cir. 1998). The City contended that Mr. Meyers had attempted to transgress an obvious dangerous condition for persons in wheelchairs and, as a result, injured himself. The City argued that evidence of a dangerous condition, which is readily apparent to the public, on government property will not support a negligence claim against a government entity. See Leonard v. Wakulla County, 688 So.2d 440 (Fla. 1st *201 DCA 1997). Citing Leonard, the City asserted that under Florida law, there is no liability for the failure of a government entity to build, expand, or modernize capital improvements such as buildings and roads. The City alleged that by failing to plead ultimate facts to support the conclusion that the City should be subject to liability, Appellants had failed to meet the requirements of Florida Rule of Civil Procedure 1.110(b). The movant sought dismissal of the complaint with prejudice. After a hearing, the trial court made these findings:
The Court finds that the City had a legal duty to comply with statutory requirements thereof affecting the disability access when it undertook substantial renovations to its facility; however, in the absence of pleading and proving a discriminatory intent by the City to deny access toward the class of individuals of which Plaintiff is a member, compensatory damages are not recoverable.
Further, Plaintiffs have failed to plead with specificity in the Complaint proper notice requirement to the City prior to institution of this suit.
The City's amended motion was granted, and the complaint was dismissed with leave to amend.
Appellants then filed a motion for reconsideration suggesting that their basis of recovery was unclear to the trial court and noting that they are not seeking compensatory damages under the Americans With Disabilities Act pursuant to which, they concede, pleading discriminatory intent would be an element of the cause of action. Rather, Appellants allege they have sued the City for common-law negligence under state law.
In conjunction with the motion for reconsideration, Appellants filed an amended complaint and demand for jury trial. The amended complaint substantially re-alleged the facts in the initial complaint. Additionally, it alleged that Appellants had satisfied all conditions precedent to the filing of this action and had provided the City with written notice of this claim on April 7, 1998, in strict compliance with section 768.28, Florida Statutes; and that the City had failed to respond to Appellants' notice within 180 days, thereby entitling them to file this action.
Count One of the amended complaint, which is designated a common-law negligence claim, alleged that prior to the time of Mr. Meyers' accident, the City had a statutory, non-discretionary duty to provide a wheelchair ramp or other safe access for persons who use wheelchairs, as required by section 553.501, Florida Statutes, et seq., and 42 U.S.C., section 12101 et seq.; that the City was negligent in that it breached its duty to comply with the statutory duty to provide wheelchair accessibility to the building in question; and that as a direct and proximate result of the City's negligence, Mr. Meyers has suffered damages in the forms alleged in the original Count One. Count Two, the loss of consortium claim, is identical to the original Count Two in all material respects.
Attached to the amended complaint is Exhibit "A," the April 3, 1998, "notice of claim" letter sent to the City by Appellants' attorney. The letter sets out the following chronology of alleged events. On the date in question, Mr. Meyers, who is a paraplegic requiring the use of a wheelchair, accompanied by his 14-year-old stepson, went to the City's Traffic Violations Bureau office to pay a traffic fine. As the first floor of the building is raised, the public is required to ascend a flight of stairs to get into the building. Approaching the building and realizing that it had no wheelchair ramp or other means of access for persons in wheelchairs, Mr. Meyers sent his stepson into the building to find out how to access the building. The stepson was told there was no wheelchair ramp or other means of access for persons in wheelchairs. Mr. Meyers then attempted to have his stepson lift him over the steps and into the building. The stepson began lifting Mr. Meyers by the handles of the wheelchair, one step at a time *202 with Mr. Meyers facing away from the building. Near the top of the steps, the stepson lost control of the wheelchair, resulting in Mr. Meyers' falling down the stairs and landing violently on his neck and shoulder.
In response, the City filed a motion to dismiss the amended complaint. The motion asserted that the amended complaint is inconsistent with the trial court's dismissal order and, therefore, should be dismissed. Re-alleging its prior points in substantially similar form, the City cited Leonard, 688 So.2d at 440, for the proposition that a governmental entity's decision not to build or modernize a particular improvement is a discretionary judgmental function with which courts cannot interfere. The movant sought dismissal with prejudice.
In a short order with no findings of fact, the trial court denied Appellants' motion for reconsideration. The court also granted the City's motion to dismiss the amended complaint with prejudice.
In this direct appeal, Appellants contend that the lower court erred in dismissing their amended complaint which, they assert, alleges ultimate facts supporting each element of a common-law negligence claim. To support this conclusion, Appellants assert that the City does not have sovereign immunity, for it had no discretion over whether or not to provide wheelchair accessibility at the building in question, where providing such accessibility is required by statute.
We begin our review of the trial court's ruling by noting that "[d]ismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action." Weaver v. Leon County Classroom Teachers Ass'n, 680 So.2d 478, 481 (Fla. 1st DCA 1996). The function of the City's motion to dismiss was to raise, as a question of law, the sufficiency of the facts alleged to state a cause of action. See Varnes v. Dawkins, 624 So.2d 349 (Fla. 1st DCA 1993). In determining the sufficiency of Appellants' amended complaint, the trial court was required to take as true all material factual allegations therein. See Connolly v. Sebeco, 89 So.2d 482 (Fla.1956). In so doing, the court was required to resolve every reasonable conclusion or inference in favor of Appellants, as the non-moving party. See Weaver, 680 So.2d at 478.
Florida rules require a complaint to state a cause of action with a "short and plain statement of the ultimate facts showing the pleader is entitled to relief." Fla. R. Civ. P. 1.110(b)(2). Count One of the amended complaint is a claim based on common-law negligence.
The four elements of negligence are (1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of the injury.
Paterson v. Deeb, 472 So.2d 1210, 1214 (Fla. 1st DCA 1985). As to the first element, Appellants alleged that at the time of the injury, the City had a statutory, non-discretionary duty to provide a wheelchair ramp or other means of safe accessibility for persons using wheelchairs and trying to use the building in question. Specifically, Appellants rely on section 553.501, Florida Statutes, et seq., the Florida Act, to support their position that the City was statutorily required to provide wheelchair accessibility when it renovated a pre-existing structure. The Florida Legislature has expressly stated that the purpose and intent of the Florida Act is to incorporate into Florida law the accessibility requirements of the Americans With Disabilities Act of 1990. § 553.502, Fla. Stat. Subject to certain exceptions inapplicable in this case, the 1991 federal Americans With Disabilities Act Accessibility Guidelines (the Guidelines), as adopted by reference in 28 C.F.R., part 36, subparts A & D, and Title II of Public Law Number *203 101-336, have been adopted and incorporated by reference as Florida law. § 553.503, Fla. Stat. "All new or altered buildings and facilities subject to ss. 553.501-553.513 which may be frequented in, lived in, or worked in by the public shall comply with ss. 553.501-553.513." § 553.504(1), Fla. Stat. However, the Florida Act does not apply to buildings, structures, or facilities that were in existence on October 1, 1993, unless the alteration or renovation of the building, structure, or facility "will affect the usability or accessibility of routes of travel or primary functions to a degree which invokes the requirements of s. 303(a) of the Americans With Disabilities Act of 1990." § 553.507(2)(b), Fla. Stat. Appellants alleged that the City's Traffic Violations Bureau building is covered by the Florida Act.
Section 303(a) of the Americans With Disabilities Act broadly requires accessibility for "individuals with disabilities, including individuals who use wheelchairs," where renovations or alterations affect or could affect the usability of the facility, or that affect or could affect access to an area of the facility containing a primary function. 42 U.S.C. § 12183(a)(2). "Primary function" is defined as "a major activity for which the facility is intended," e.g., the "customer services lobby of a bank." 28 C.F.R. § 36.403(b) (1991). Appellants alleged that the City purchased the building in 1994, substantially renovated it, and reopened the building to the public in 1996 as a place to pay fines for traffic violations. Furthermore, they alleged that the building had no wheelchair ramp or other means of wheelchair accessibility.
Section 4.1.6(1)(b) of the Guidelines provides that alterations to "existing elements, spaces, or common areas" of buildings must comply with the applicable provisions of sections 4.1.1-4.1.3 of the Guidelines, which are the accessibility standards for new buildings. The definition of "alteration" is broad:
An alteration is a change to a building or facility made by, or on behalf of, or for the use of a public accommodation or commercial facility, that affects or could affect the usability of the building or facility or part thereof.
28 C.F.R. § 36, App. A, § 3.5 (1991). This includes, but is not limited to, "remodeling, renovation, rehabilitation, reconstruction... and rearrangement in the plan or configuration of walls and full-height partitions." Id. The Guidelines require that at least 50 per cent of a building's public entrances be accessible; at least one must be a ground-floor entrance. 28 C.F.R. § 36, App. A, § 4.1.3(8)(a)(i) (1991).
Having considered together the provisions of the Florida Act, along with the applicable federal regulations, we conclude that Appellants sufficiently alleged a nondiscretionary legal duty owed to them by the City. See Feldstein v. City of Key West, 512 So.2d 217 (Fla. 3d DCA 1987) (statute requiring permanent curb ramps at crosswalks at all intersections where curbs and walks are constructed, in order to give handicapped and wheelchair-bound persons safe access to crosswalks, required city to install ramp at each end of crosswalk when curb and sidewalk on one end of crosswalk was redone after effective date of statute); A.L. Lewis Elementary Sch. v. Metropolitan Dade County, 376 So.2d 32 (Fla. 3d DCA 1979) (statutory requirements to install certain traffic devices and speed zones are mandatory and, thus, are not subject to governmental discretion).
Appellants correctly distinguish the facts in Leonard, 688 So.2d at 440. The injury to Mr. Leonard, who was wheelchair-bound as he attempted to use a steep ramp providing access to a county courthouse, occurred in 1992, i.e., before the 1993 enactment of the Florida Act, which adopted the federal Guidelines into Florida law applicable to "all buildings." Id. at 441. Assuming for the sake of argument that the Americans With Disabilities Act had been in effect when the events set *204 forth in Leonard occurred, Appellants note that the plaintiff did not allege any alteration, renovation, or new construction of the county courthouse. Absent a statutory mandate with a resulting duty requiring wheelchair accessibility, the majority in Leonard determined that the defendant, Wakulla County, had discretion over whether to upgrade its facilities. Given the facts in Leonard, the trial court correctly granted summary judgment for the County. Id. In contrast, in the instant case, once the City decided to alter or substantially renovate its building, the provisions of the Florida Act were triggered, including the requirement to provide wheelchair accessibility. Thus, the decision was no longer a discretionary matter for the City.
The second element of a claim based on common-law negligence is breach of a legal duty by the defendant. See Paterson, 472 So.2d at 1214. Appellants alleged that the City breached its legal duty to them by failing to provide wheelchair access to its building. As to the third element,an injury to the plaintiff legally caused by the defendant's breach, id.Appellants alleged that as a direct and proximate result of the City's negligent failure to provide wheelchair accessibility, they suffered injury. Finally, Appellants alleged damages as a result of the injury. Id. In sum, Appellants' amended complaint alleged a cause of action under the Florida Act.
In the original dismissal order, the trial court correctly found that the City "had a legal duty to comply with statutory requirements thereof affecting the disability when it undertook substantial renovations to its facility." Nevertheless, the court concluded that Appellants' failure to plead "a discriminatory intent by the City to deny access toward the class of individuals of which Plaintiff is a member" was a fatal defect in the claim for compensatory damages. In relying on Appellants' failure to plead the City's discriminatory intent, the trial court appears to have misconstrued the basis of Appellants' claim. The parties agree that no compensatory damages are available under the Americans With Disabilities Act. See Ferguson, 157 F.3d at 668. However, in their motion for reconsideration and in their amended complaint, Appellants stated that their claim is based on common-law negligence, and not on the Americans With Disabilities Act or, for that matter, on the Florida Act. In bringing their state-law negligence claim, Appellants did not transform it into an Americans With Disabilities Act claim merely by alleging that the City failed to comply with the accessibility requirements of federal law that have been adopted into Florida law through the Florida Act. See Wagner v. Regent Investments, Inc., 903 F.Supp. 966, 970 (E.D.Va.1995).
In Wagner, the federal district court found that "federal question" jurisdiction did not exist over the plaintiff's causes of action, alleging that the convenience store was negligent per se as a result of its failure to comply with public accommodation provisions of the Americans With Disabilities Act, and its failure to provide the paraplegic, wheelchair-bound plaintiff with a safe entrance and exit as measured by the standard set forth in the federal act. Like Appellants, the plaintiff in Wagner included a count under a simple commonlaw negligence theory. He merely offered compliance with the federal act provisions as one measure of the standard of reasonable care. The plaintiff's reference to the Americans With Disabilities Act did not alter the nature of the claim or justify removal of the action to federal court. Id. at 968, 970.
As the trial court erred in finding that Appellants' amended complaint failed to state a cause of action, we REVERSE the dismissal order and REMAND for further proceedings consistent with this opinion.
BARFIELD, C.J., and LAWRENCE, J., CONCUR.