# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D22-2046 & 3D24-903
Lower Tribunal No. 18-20410

_____

**Ian Hendry, et al.,**
Appellants,

vs.

**Ankinyele Adams,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

GrayRobinson P.A., Jack R. Reiter, and Robert C. Weill, for appellants.

Hunter & Lynch PA, Steven K. Hunter, and Christopher J. Lynch, for appellee.


Before FERNANDEZ, LOBREE and GOODEN, JJ.

FERNANDEZ, J.

Ian Hendry, Club Management, LLC, and the Netherland of South Beach Condominium Association, Inc. (collectively, "Appellants") appeal the trial court's amended final judgment entered in favor of Ankinyele Adams, in Case 3D22-2046. Appellants also appeal the final judgment for attorney's fees and costs entered in favor of Adams, in Case 3D24-0903. The appeals have been consolidated for the purpose of decision only. Because Adams did not plead racial discrimination in the fourth amended complaint, the trial court abused its discretion in admitting evidence of racial discrimination. We therefore reverse the final judgment and remand for a new trial. Because we are reversing for a new trial in the primary case, we also reverse the final judgment for attorney's fees entered in favor of Adams.

Adams, an African American male, brought suit against Appellants on five counts for malicious prosecution, civil conspiracy to commit malicious prosecution, and intentional infliction of emotional distress ("IIED"), related to Adams's arrests for alleged noise violations at Adams's restaurant, V-Live. During trial, Adams claimed that these arrests were racially motivated.

Before trial, Appellants moved in limine to preclude any reference to racial discrimination, arguing that there was no competent evidence to support the allegation, and it was never pleaded. The trial court denied the

2

motion on the basis that the evidence "would go directly to credibility and bias." Adams never amended the complaint to plead racial discrimination.

During the pretrial conference, Adams noted his intent to tell the jury that he was the first black-owned business owner on South Beach and the only business owner arrested for a noise violation on South Beach. Appellants moved in limine to prevent Adams from making these statements arguing that Adams provided no supporting evidence, and this would improperly inject race into the case. The trial court denied the motion.

At the close of Adams's case, Appellants moved for a directed verdict or, alternatively, for a new trial or motion for remittitur on the claims for malicious prosecution, IIED, and civil conspiracy to commit malicious prosecution. The trial court reserved ruling.

After the jury trial, the jury found for Adams on all claims, except for punitive damages. Adams was awarded $5 million in non-economic damages and $300,000 to compensate him for the legal fees on the criminal charges. Afterward, the trial court denied Appellants' directed verdict motion. Appellants filed post-trial motions. The trial court denied all motions except the motion to remit the attorneys' fee award, which it remitted to $125,000. Appellants appealed.

The trial court's evidentiary rulings and the denial of a motion for new trial are reviewed for an abuse of discretion. Miami-Dade Cnty. v. Asad, 78 So. 3d 660, 663 (Fla. 3d DCA 2012).

Appellants argue on appeal that racial discrimination was not properly pleaded in Adams's fourth amended complaint. We agree. Adams's second amended complaint contains Count VI for "Conspiracy to Violate Civil Rights, 42 U.S.C. section 1983(3)." This count for a civil rights violation is absent from the initial complaint and was removed from the third and fourth amended complaints. The language from Count VI of the second amended complaint leaves no question that Adams was at one point asserting a claim for racial discrimination but later abandoned this claim.

In Weaver v. Leon County Classroom Teachers Association, 680 So. 2d 478 (Fla. 1st DCA 1996), the First District found that "the second amended complaint sufficiently stated a cause of action" under Title VII when plaintiff alleged: 1) he was a black person, 2) that the union "knew the Board had a history of racial discrimination against him," and 3) "[the union] failed in its duty to represent him," constituting the union's "acquiescence in the racial discrimination practiced against him." Id. at 479-81. In State v. Burch, 545 So. 2d 279 (Fla. 4th DCA 1989), the Fourth District found that defendants' claim that a statute discriminated against black people "should

4

not be heard since it is not supported by statistical evidence and the defendants did not plead or prove a discriminatory intent on the part of the state." Id. at 283. The court further reiterated, "[T]he defendants did not plead or prove that they were personally targeted for arrest and prosecution for racial reasons." Id. (emphasis added); see also St. Louis v. Florida Int'l. Univ., 60 So. 3d 455, 459 (Fla. 3d DCA 2011), City of W. Palm Beach v. McCray, 91 So. 3d 165, 171 (Fla. 4th DCA 2012).

At a minimum, Adams was required to include in the complaint: 1) his race, and 2) that he was arrested for racial reasons. After first asserting these points in his second amended complaint, he abandoned all mention of race thereafter in his later amended complaints.

Because the trial court abused its discretion in admitting evidence of racial discrimination when Adams failed to plead racial discrimination, we reverse the final judgment and remand for a new trial, in Case 3D22-2046. As we are reversing for a new trial in the primary case, we also reverse the final judgment for attorney's fees entered in favor of Adams, in Case 3D24-0903.

Reversed and remanded.