Joseph **WAGNER**, Plaintiff,

v.

**REGENT INVESTMENTS, INC.**
**d/b/a Shore Stop, Defendant.**

No. 2:95cv981.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 14, 1995.

---

Daniel Hartnett, Ayres & Hartnett, P.C., Accomac, VA and William Revell Lewis, III, Custis, Lewis & Dix, L.L.P., Accomack, VA, for Plaintiff.

Gregory Robert McCracken, Huff, Poole & Mahoney, P.C., Virginia Beach, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on Plaintiff's Motion to Remand. For the reasons articulated below, the Plaintiff's Motion is GRANTED, and the case is remanded to the Circuit Court of Accomack County, Virginia.

### A. Factual and Procedural History

Plaintiff, a paraplegic wheelchair user, was injured when he fell off a curb at one of

Defendant's convenience stores on Chincoteague Island, Virginia, in December of 1993. He filed this action in the Circuit Court of Accomack County on September 6, 1995. Plaintiff's original Motion for Judgment alleges four theories of recovery for his personal injury. Count One alleges that Defendant was negligent, *per se*, as a result of its failure to comply with the provisions of 42 U.S.C. §§ 12181–12188, commonly known as the public accommodations provisions of the Americans with Disabilities Act (ADA). Count Two alleges Defendant was negligent in failing to provide Plaintiff and other disabled persons with a safe entrance and exit as measured by the standard set forth in §§ 12182–12183 of the ADA. Count Three alleges a simple common law negligence theory, and Count Four alleges that both the statutory and common law violations were sufficiently willful and wanton to give rise to a claim for punitive damages under Virginia law.

Defendant, a Virginia corporation, filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a) on October 3, 1995. As grounds therefor, Defendant argues that Plaintiff's claim arises under federal law because it involves a substantial federal question under the ADA. On October 10, 1995, Plaintiff filed his Motion to Remand and a supporting brief. Plaintiff maintains that no substantial question of federal law is present in this case. He contends that this action is a simple state law negligence claim and that Defendant's compliance with the ADA is merely offered as one measure of the standard of reasonable care. Defendant filed a brief in response in which it argues that Plaintiff's tort claim is necessarily dependent on the resolution of questions of federal law because it would require the court or jury to determine (1) the applicability of the ADA; (2) the standards imposed by it on the Defendant; and (3) the extent of Defendant's compliance. Plaintiff filed a reply to Defendant's response on October 30, 1995. The arguments of both parties have been fully articulated, and the matter is now ripe for determination.

*B. Standard of Review*

■ The party seeking removal of an action originally filed in state court bears the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). Because removal jurisdiction raises significant federalism concerns, its application should be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). If federal jurisdiction is doubtful, a remand is necessary. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994).

In federal court, removal jurisdiction derives from 28 U.S.C. § 1441, which provides in relevant part:

(a) [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

As there is no allegation of diversity between the parties, the propriety of removal in this case turns on whether the case falls within the "federal question" jurisdiction conferred on the court by the provisions of 28 U.S.C. § 1331. Section 1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

■ In order to determine whether an action "arises under" federal law, the court must first discern whether federal or state law creates the cause of action. *Mulcahey*, 29 F.3d at 151. In cases where federal law creates the cause of action, federal courts unquestionably have federal subject matter jurisdiction. *Id.* (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986)). Where the cause of action is created by state law, however, federal question jurisdiction depends on whether the plaintiff's claim "necessarily depends on resolution of a substantial question of federal law." *Id.* (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983)). In

all cases, the determination of whether the claim "arises under" federal law must be made by reference to the "well-pleaded complaint," without regard to defenses which have been, or may be raised. *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. at 3232.

## C. Analysis

In *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Supreme Court considered a claim similar to the present case. Like this case, the plaintiff in *Merrell Dow* brought a multi-count complaint alleging, as one theory of relief, that the defendant's violation of the Federal Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. § 301, gave rise to a rebuttable presumption of negligence in his state court action. The FDCA did not provide for a private right of action in federal court to enforce violations, and this fact figured prominently in the Supreme Court's analysis. The Court wrote:

> [T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal question jurisdiction.

*Merrell Dow,* 478 U.S. at 814, 106 S.Ct. at 3235. Thus, the Court held that a plaintiff's allegation of the violation of federal law as an element in a state tort action was not sufficient to confer federal question jurisdiction.

In the present case, Defendant argues that the holding of *Merrell Dow* does not apply because that "rule requires that there be no federal remedy." Def.Mem.Opp.Mot. to Remand at 3. Unlike the FDCA, the relevant subsection of the ADA does provide a federal remedy, albeit for injunctive relief and attorney's fees only. *See* 42 U.S.C. § 12188 (ADA section incorporating injunctive remedies provided by 42 U.S.C. § 2000a–3(a)).

Although Defendant's argument seems plausible "on its face," it was rejected by the Fourth Circuit in *Mulcahey v. Columbia Organic Chemicals Inc.,* 29 F.3d 148 (4th Cir. 1994). *Mulcahey* also involved legal issues quite similar to those in the case at bar. The plaintiffs brought state law negligence claims against a chemical manufacturer. As evidence of negligence *per se,* they alleged the violation of several federal environmental laws regulating the handling and disposal of hazardous materials. *Id.* at 150. The defendants removed the case to federal court, and plaintiffs filed a motion to remand. The district court, rejecting a magistrate judge's recommendation, held that removal was proper because the private right of action provided under the environmental laws was sufficient to take the case out of the *Merrell Dow* rule and confer federal question jurisdiction. *Id.*

■ On interlocutory appeal, the Fourth Circuit reversed the district court and remanded the case with instructions that it be returned to state court. The court determined that *Merrell Dow* did not stand for the proposition that "the presence of *any* private federal remedy would in all instances suffice to establish federal question jurisdiction." *Id.* at 152. Rather, "[i]n instances in which a private federal remedy does exist, the ultimate question ... is whether Congress intended that such an action, based on state law but incorporating a violation of federal law, be brought in federal court." *Id.* (citing *Clark v. Velsicol Chemical Corp.,* 944 F.2d 196, 199 (4th Cir.1991), *cert. denied,* 502 U.S. 1096, 112 S.Ct. 1173, 117 L.Ed.2d 418 (1992)).

The court then analyzed the private remedies provided under the federal environmental laws cited by the plaintiffs. It concluded that because the plaintiffs were procedurally barred from seeking some of the federal remedies and because the compensatory damages sought were unavailable under the statutes, a " 'private cause of action' under *Merrell Dow* does not, in truth, exist." *Id.* at 153. As a result, the plaintiffs' citation of federal law as one measure of negligence was not sufficient to show that Congress intended federal courts to exercise jurisdiction over such claims.

Central to the Fourth Circuit's ruling in *Mulcahey* was the fact that the compensatory damages sought by the plaintiffs were not available under any of the statutes cited. Essentially, the court reasoned that the fail-

ure of Congress to provide for the *asserted* private right of action constituted " 'a congressional conclusion that the presence of a claimed violation of the statute[s] as an element of a state cause of action is insufficiently substantial to confer federal question jurisdiction.' " *Id.* (quoting *Merrell Dow,* 478 U.S. at 814, 106 S.Ct. at 3235).

Likewise, in this case Plaintiff has no remedy for damages under the relevant subsection of the ADA. Congress' decision not to create such a remedy, particularly in light of the private damage remedies available under other sections of the Act, again reveals its intent that reference to ADA provisions in a state court action for damages is "insufficiently substantial" to confer federal question jurisdiction over the claim.

An alternative basis for the Fourth Circuit's holding in *Mulcahey* is also applicable to the facts here. In *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Supreme Court ruled that where federal law was only essential to one of several theories under which the plaintiff sought relief for the same claim, the invocation of that law was not sufficient to confer federal question jurisdiction. *Id.* at 809–10, 108 S.Ct. at 2174–75. Although the case involved an interpretation of jurisdiction under the patent laws pursuant to 28 U.S.C. § 1338, the Supreme Court noted that its rationale was equally applicable to determining "arising under" jurisdiction under § 1331. *Id.* at 808–09, 108 S.Ct. at 2173–74. As the Fourth Circuit, in *Mulcahey,* observed, "*Christianson* teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist." *Mulcahey* 29 F.3d at 153 (citing *Christianson,* 486 U.S. at 811, 108 S.Ct. at 2175).

Applying this second rule to this case, it is clear that Plaintiff has stated multiple theories of relief for the same cause of action, namely his personal injury. Under at least two of these theories, Counts Three and Four, he may be entitled to relief regardless of the applicability of the federal standard.

Thus, under *Christianson* and *Mulcahey,* the court is bound to conclude that his incorporation of that federal standard as evidence of negligence, or negligence *per se,* is insufficient to confer federal subject matter jurisdiction.

Defendant argues that Plaintiff's state law negligence claim is *prima facie* deficient, because Virginia law does not permit recovery by a business invitee with "knowledge of an unsafe condition." Def.Mem.Opp.Mot. to Remand at 2 (citing *Fobbs v. Webb Bldg. Ltd. Partnership,* 232 Va. 227, 349 S.E.2d 355 (1986)). It follows, therefore, that Plaintiff's personal injury claim must rest on federal law to survive the adverse Virginia precedent. Thus, Defendant contends the court must retain jurisdiction because Plaintiff's right to recover will derive, if at all, from the interpretation of the duties conferred by the ADA.

This argument fails for two reasons. First, whether the condition was unsafe, and whether Plaintiff had knowledge, are questions of fact to be resolved in the litigation. The court need not, indeed cannot, reach those issues to determine whether federal subject matter jurisdiction exists pursuant to the "arising under" provisions of section 1331. *See Merrell Dow,* 478 U.S. at 808, 106 S.Ct. at 3232. That determination must be made with regard to the "well-pleaded complaint." *Id.* Having determined that the complaint does not support federal jurisdiction, the court may not then assess the merits of the defenses, factual or legal, in order to vest itself with the power to hear the case.

Secondly, in *Clark v. Velsicol Chemical Corp.,* 944 F.2d 196 (4th Cir.1991), *cert. denied,* 502 U.S. 1096, 112 S.Ct. 1173, 117 L.Ed.2d 418 (1992), the Fourth Circuit held that a state tort claim which was dependent entirely on a federal statutory standard did not present a sufficiently substantial federal question to confer jurisdiction on the federal courts, when there was no private right of action under the federal statute. *Id.* at 198. There the plaintiffs alleged a single theory of relief premised on the defendant's failure to properly label a container of hazardous mate-

rials which ruptured, causing their injury. *Id.* at 197. The Fourth Circuit found the case indistinguishable from *Merrell Dow* and affirmed the district court's dismissal of the action for lack of jurisdiction. *Id.* at 198–99. Although the *Clark* decision was rendered prior to *Mulcahey,* the court's reasoning is unaffected by its extension of the *Merrell Dow* doctrine to cases where the remedy sought is unavailable under the federal law. *See Mulcahey,* 29 F.3d at 154. Because Plaintiff in this case may not pursue his remedy for damages under the ADA, the incorporation of ADA standards in his state tort claim would be insufficient to confer federal jurisdiction on this court, even if those standards were the only basis of his tort recovery.

### D. Conclusion

Because Plaintiff's original Motion for Judgment does not present a sufficiently substantial federal question to confer jurisdiction on this court, the Motion to Remand is **GRANTED,** and the case is **REMANDED** to the Circuit Court of Accomack County, Virginia.

It is so **ORDERED.**