Tracy E. **PEELE**, Plaintiff,

v.

**ENTERPRISE LEASING COMPANY OF NORFOLK/RICHMOND, Raymond A. Moss, and Bryan Keith Whitley, Defendants.**

**Action No. 2:97CV724.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 10, 1997.

SuAnne L. Hardee, Thomas F. Hennessy, Hardee & Hennessy, P.C., Chesapeake, VA, for Plaintiff.

Sharon Maitland Moon, L.B. Cann, Le-Clair Ryan, P.C., Richmond, VA, D. Michael Linihan, Thomas E. Berry, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for Defendants.

### ORDER

PRINCE, United States Magistrate Judge.

This case was originally filed in Norfolk Circuit Court and served on the defendant on July 8, 1997, alleging defamation, a violation of the Virginians with Disabilities Act (Virginia Code § 51.5–41), and wrongful termination. Notice of Removal pursuant to 28 U.S.C. § 1331, was filed with this Court on July 28, 1997. On August 27, 1997, plaintiff's Motion for Remand was filed. A hearing was held before this Court on September 29, 1997, on plaintiff's Motion to Remand. Appearing on behalf of the plaintiff at the hearing was Thomas F. Hennessy, Esq.; appearing for the defendants was Sharon M. Moon, Esq. Also present was Gloria Smith, Official Court Reporter.

■ When considering whether federal question jurisdiction exists over a particular case or controversy, the general rule is "that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). This consideration is made without regard to defenses which have been, or may be raised. *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). Because removal jurisdiction raises significant federalism concerns, its application should be strictly construed. *Wagner v. Regent Investments, Inc.,* 903 F.Supp. 966 (1995)(citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). If federal jurisdiction is doubtful, a remand is necessary. *Id; Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994).

■ There is no allegation of diversity in this case, so the propriety of removal turns on whether the case falls within the "federal question" jurisdiction conferred by the provisions of 28 U.S.C. § 1331. To determine whether this action "arises under" federal law, this Court must first ascertain whether federal or state law creates the cause of action. If state law creates the cause of action, federal jurisdiction can still attach when plaintiff's claim necessarily turns on the resolution of a substantial question of federal law. *Mulcahey,* 29 F.3d at 151.

Plaintiff argues *that at no place in the* Motion for Judgment did he allege a specific

violation of federal law, and therefore the case, purely a state law claim, should be remanded to Virginia state court. (Plaintiff's Motion for Remand, p. 1.) This Court agrees. Throughout his supporting memoranda, plaintiff has characterized the suit, particularly the disputed claim D in the Motion for Judgment (¶s 23–28), as a suit for wrongful discharge under the common law of Virginia. *Id.* A careful review of the complaint indicates that the plaintiff has indeed asserted a cause of action which arises under state law, with only one cursory reference to federal law, which is in fact unnecessary and/or inappropriate. The plaintiff's wrongful discharge claim will turn on the application of state law, rather than federal statutes, and should not require the resolution of any substantive questions of federal law.

Defendants rely on the following language from paragraph 25 of the Motion for Judgment, in support of their argument in favor of the exercise of federal jurisdiction:

"The Commonwealth's public policy against employment discrimination based on disability is expressed in *Lockhart v. Commonwealth Education Systems Corporation*, 247 Va. 98, 439 S.E.2d 328 (1994), Virginia Code § 2.1–715, Virginia Code § 51.5–41, The Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, and other statutes, regulations, and judicial opinions."

Defendants argue that by incorporating this language, the plaintiff relies upon federal law as the basis for this claim and thereby invokes federal question jurisdiction. The defendants view the third claim in the complaint, the claim for wrongful termination based on public policy expressed in Virginia Statutes and the ADA, as "artfully" plead, but a federal issue nonetheless. (Defendant's Memorandum in Opposition to Remand, p. 4.)

Plaintiff, although admitting in oral argument that he did not need the above reference to the ADA to make his case, declined the opportunity given by the Court to exercise leave to amend his Motion for Judgment to remove the aforementioned reference to the Americans With Disabilities Act ("ADA"). Counsel for the plaintiff does, however, concede that he has no remedy under the ADA, as plaintiff has no "disabili-

ty" within the meaning of the statute. (Plaintiff's Motion for Remand, p. 4.) The plaintiff asserts that this reference to federal law is merely an expression of Virginia public policy and not a reliance on the federal statute as a basis for the claim. (Plaintiff's Reply, p. 1.)

■ Plaintiff characterizes the claim as a pure state common law claim, based on Virginia's public policy against wrongful discharge. (Plaintiff's Reply, p. 1–3). At the September 29, 1997 hearing, the plaintiff attempted to explain how the Commonwealth's public policy could be expressed in a federal statute by noting that at least one Virginia Circuit Court cases has referred to the same policy analysis with the federal statute as they have applied to state law claims for wrongful discharge. The Court is unconvinced that a citation to federal statutory authority is a cogent manifestation of the public policy of the Commonwealth of Virginia. However, it is sufficient at this procedural stage to note that the mere reference to a federal expression of state public policy is insufficient to create federal jurisdiction over an inherently state law cause of action.

Virginia law seems to require that common law wrongful discharge cases point to public policy clearly stated in a specific Virginia statute. *Lawrence Chrysler Plymouth Corporation v. Brooks*, 251 Va. 94, 465 S.E.2d 806 (1996), is a wrongful discharge case in which the Virginia Supreme Court reiterated the Commonwealth's strong adherence to the employment at will doctrine, while citing to several specific, narrow exceptions. *Id.* at 96–98, 465 S.E.2d 806. The *Brooks* Court found that the basis of these common law exceptions was found in public policy expressed in precise Virginia statutes. *Id.* The plaintiff in *Brooks* was unable to sustain his cause of action because he could not point to an identified, specific Virginia statute in which the Virginia General Assembly had established public policies as exceptions to the employment at will doctrine that his former employer had contravened. *Id.* at 98–99, 465 S.E.2d 806. This case provides compelling support for the plaintiff's argument that a wrongful discharge case in Virginia must be premised on Virginia public policy

expressed in an identified, specific Virginia statute, rather than a federal statute.[1]

■ Although it seems clear from plaintiff's argument that he does not believe the ADA directly supports his claim for relief, even if it did, federal jurisdiction would be inappropriate here. Where a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction (here the Virginia Human Rights Act, and the Virginians With Disabilities Act are alleged to support the claim), federal subject matter jurisdiction does not exist. *Mulcahey,* 29 F.3d at 153 (citing *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 811, 108 S.Ct. 2166, 2175, 100 L.Ed.2d 811 (1988)); *Wagner,* 903 F.Supp. at 970. The invocation of federal law when it supports only one of several theories under which the plaintiff seeks relief, is not sufficient to confer federal question jurisdiction. *Christianson,* 486 U.S. at 809–810, 108 S.Ct. at 2174–2175.

Defendants argue in support of removal that this Court should engage in a substantive analysis of the underlying state wrongful discharge claim, and the state statutes which plaintiff cites as support for the Virginia public policy against wrongful discharge.[2] (Defendants' Memorandum in Opposition, p. 5–11.) The defendants contest the applicability of both the Virginians With Disabilities Act, Va.Code S 51.5–1, et seq., and the Virginia Human Rights Act, Va.Code § 2.1–714, et seq. ("VHRA"), and argue that neither can properly serve as the legal basis for plaintiffs common law wrongful discharge claim. (Defendant's Memorandum in Opposition, p. 10.) Defendants conclude that by elimination, the plaintiff must therefore be asserting a federal claim premised directly on the ADA, as that is the only other authority directly cited

by plaintiff in support of the wrongful discharge claim. *Id.*

■ The Court remains, unpersuaded by this line of reasoning and does not feel compelled to address the underlying state law issues inherent in the wrongful discharge claim. "Having determined that the complaint does not support federal jurisdiction, the court may not then assess the merits of the defenses, factual or legal, in order to vest itself with power to hear the case." *Wagner v. Regent Investments,* 903 F.Supp. 966, 970 (1995); see *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. at 3232. The plaintiff in this case admittedly may not pursue a remedy for damages under the ADA. (Plaintiff's Motion for Remand, p. 4.) The incorporation of the ADA as an example of Virginia public policy in this state wrongful discharge claim would be insufficient to confer federal jurisdiction upon this court, even if that manifestation of public policy were the only basis for his wrongful discharge recovery. See *Wagner,* 903 F.Supp. at 971.

■ This Court finds that the original Motion for Judgment clearly articulates the state law nature of the claims asserted. In claim D, paragraphs 23–28 of the Motion for Judgment, the plaintiff is alleging a state common law case of wrongful discharge. The well–pleaded complaint rule enforces the principle that the plaintiff is the master of his complaint and generally permits plaintiffs to "avoid federal jurisdiction by exclusive reliance on state law." *Custer v. Sweeney,* 89 F.3d 1156, 1165 (4th Cir.1996) (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)). Although the reliance on state law here was not exclusive, the reference to federal statutory authority was unfounded and insufficient

---

1. For example, in *Lockhart v. Commonwealth Education Systems,* 247 Va. 98, 106, 439 S.E.2d 328 n.2 (1994), the Virginia Supreme Court, when discussing the applicability of Title VII administrative remedies in a wrongful discharge case, noted that "Title VII is not applicable here because she filed a common law tort action alleging wrongful discharge, which is governed solely by state, not federal law." The reasoning in *Lockhart* is in accord with the holding here, finding that the wrongful discharge claim alleged is a state law claim, and not federal in nature.

2. Both parties did express at the hearing however, a belief that the question of whether the VHRA, as amended in 1995, prohibited a state common law cause of action was not dispositive of the issue presented here. The parties acknowledged that the issues has been certified to the Virginia Supreme Court in *Doss v. Jamco, Inc.,* —— Va. ——, 492 S.E.2d 441 (1997), by Senior United States District Judge James C. Turk, and is expected to be decided when the court releases opinions on October 31, 1997.

to contravene this overriding state law substance of the claims.

Federal law neither creates the cause of action, nor does the vindication of a right under state law necessarily turn on some construction of federal law here. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983); *Mulcahey,* 29 F.3d at 151. Whether the plaintiff can legally sustain such a wrongful discharge claim under the laws of the Commonwealth of Virginia is properly decided in another forum. This Court finds the plaintiff's citation to the ADA as an example of Virginia public policy to be inconsequential and insufficient to create federal jurisdiction over this entirely state law cause of action.

Because plaintiff's Motion for Judgment does not present a sufficiently substantial federal question to confer jurisdiction on this Court, the Motion to Remand is GRANTED, and the case is REMANDED to the Norfolk Circuit Court.