**BEECHWOOD DEVELOPMENT GROUP, INC., Plaintiff,**

v.

**Ron KONERSMAN, Franz X. Meier, and Sky Waves I Corporation, Defendants.**

Ron Konersman, Franz X. Meier, and Sky Waves I Corporation, Counterclaim/Third–Party Plaintiffs,

v.

Beechwood Development Group, Inc., Beechwood Advisory Group, Inc., Robert Fields, Dennis Byrd, Rolf Richter, Andrew Easter and Kurt Galchus, Counterclaim/Third–Party Defendants.

C.A. No. 2:07–1394–PMD.

United States District Court, D. South Carolina, Charleston Division.

July 23, 2007.

J. Edward Bradley, Stephen Jahue Moore, Wilson Moore Taylor and Thomas, West Columbia, SC, for Beechwood Development Group, Inc. and Robert Fields.

Eli Alan Poliakoff, Richard Ashby Farrier, Jr., Eleni Maria Roumel, Nelson Mullins Riley and Scarborough, Charleston, SC, for Ron Konersman, Franz X. Meier, and Sky Waves I Corporation.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court on Plaintiff Beechwood Development Group, Inc.'s ("Plaintiff") Motion to Remand this matter to state court. For the following reasons, Plaintiff's Motion is granted.

## BACKGROUND

On April 16, 2007, Plaintiff filed suit against Defendants Ron Konersman, Franz X. Meier, and Sky Waves I Corporation in the Court of Common Pleas for Charleston County. In the complaint, Plaintiff alleged Defendants Franz X. Mier and Ron Konersman made sales and offers to sell SkyWaves I Corporation stock "by means of untrue statements of material fact and omissions of material fact" and "without proper registration of securities, agents or broker dealers, and sales literature." (Complaint, ¶¶ 42–46.) Further, Defendant Sky Waves I Corporation allegedly failed to issue stock in return for Plaintiff's investment. (Complaint, ¶¶ 18–20.) Based on these allegations, Plaintiff asserted the following six state law causes of action: (1) Breach of Contract; (2) Breach of Contract Accompanied by a Fraudulent Act; (3) Unjust Enrichment; (4) Conversion; (5) Negligent Misrepresentation; and (6) Violations of South Carolina Code Sections 35–1–1490, 35–1–1500, and 35–1–509.

Defendants removed this matter to federal court on May 16, 2007, claiming that the district court has original jurisdiction because the sixth cause of action involves a substantial question of federal law. Asserting that there is no basis for federal jurisdiction, Plaintiff submits this motion to remand the case to state court.

## ANALYSIS

■ The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir.2004) (citing *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994)). The court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Id.*

Section 1441 of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In this case, Defendants allege that removal was proper because the district court had original jurisdiction to hear Plaintiff's case under 28 U.S.C. § 1331. Section 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, the court must decide whether Plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States." *Id.*

■ The presence of federal question jurisdiction is determined by the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Under this rule, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint." *Caterpillar, Inc.,* 482 U.S. at 392, 107 S.Ct. 2425. Thus, the plaintiff is the "master of his claim," and he may generally "avoid federal jurisdiction by exclusive reliance on state law." *Id.; see also The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon.") (Holmes, J.); *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 92

L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case."); *see Dixon*, 369 F.3d at 816 ("In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction.") (quoting *Mulcahey*, 29 F.3d at 151). Here, it is undisputed that state law creates all claims asserted by Plaintiff, but this does not end the inquiry. There is another longstanding variety of federal "arising under" jurisdiction where the resolution of a state law cause of action "depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." *Dixon*, 369 F.3d at 816 (citing *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir.1996)). The Supreme Court has explained that this "substantial federal question doctrine" captures "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d

257 (2005). Under this doctrine, "a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief *necessarily depends* on a question of federal law, and (2) that the question of federal law is *substantial.*" *Dixon*, 369 F.3d at 816 (emphasis added). If either of these two elements is lacking, removal is improper and the case should be remanded to state court. *Id.* For the following reasons, the court finds that both of these elements are lacking in this case, and orders this matter remanded to state court.

■ In the case *sub judice*, Defendants claim Plaintiff's sixth cause of action necessarily requires the interpretation of federal securities law, because, according to Defendants, Plaintiff must refer to federal securities statutes to prove liability under South Carolina Code Section 35–1–509.[1] Section 35–1–509 creates a civil cause of action against a seller, agent, or broker-dealer who buys or sells a security in violation of the South Carolina Uniform Securities Act's registration requirements.[2] The Act recognizes multiple exemptions from state registration requirements, some of which refer to federal securities statutes and/or federal securities regulations. For example, sellers and agents are exempted from their respective registration requirements if the securities at issue are federal "covered securities" as defined by the Securities Act of 1933.[3] *See, e.g.*, S.C.Code

---

**1.** The Complaint also asserts violations of Sections 35–1–1490 and 35–1–1500; however, the 2005 enactment of the South Carolina Uniform Securities Act rendered sections 1490 and 1500 obsolete. *See* S.C.Code Ann. 35–1–509, South Carolina Reporters Comment. Current § 509 incorporates the prior law found in those sections. *Id.*

**2.** The applicable registration requirements are codified at S.C.Code §§ 35–1–301 (securities registration requirements); 35–1–401

(broker-dealer registration requirements); and 35–1–402 (agent registration requirements).

**3.** The Securities Act of 1933 provides that "covered securities" are (1) nationally traded securities, (2) securities issued by an investment company that is registered under the Investment Company Act of 1940, (3) securities offered or sold to qualified purchasers, as defined by the Commission by rule, and (4) securities with respect to transactions that are

§ 35–1–201(6)–(7) (exempting from state registration requirements "a federal covered security specified in Section 18(b)(1) of the Securities Act of 1933 (15 U.S.C. Section 77r(b)(1)) or by rule adopted under that provision"); S.C.Code § 35–1–301 (providing that it is unlawful to offer or sell an unregistered security "unless the security is a federal covered security," among other exceptions); S.C.Code § 35–1–402(b)(5) (exempting agent from registration requirements if agent "represents an issuer that effects transactions solely in federal covered securities of the issuer"); *see also* S.C.Code § 35–1–402(b)(1) (exempting agent from registration requirement if agent "represents a broker-dealer in effecting transactions in this State limited to those described in Section 15(h)(2) of the Securities Exchange Act of 1934 (15 U.S.C. Section 78o(h)(2))"). Because Plaintiff's claim that Defendants violated the Act's registration requirements "necessarily requires consideration of whether the securities, agents and/or broker dealers were exempt from registration," and some of "the exemptions incorporate and refer to federal securities statutes and regulations," Defendants assert that Plaintiff's right to relief under Section 35–1–509 *necessarily depends* on a question of federal law. (Def. Opp. to Remand at 5.)

The court does not agree. "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon,* 369 F.3d at 816 (emphasis in original); *see Mulcahey,* 29 F.3d at 153 ("[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist."). "[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." *Dixon,* 369 F.3d at 817. In this case, Section 35–1–509 creates a civil cause of action against one who sells a security *either* (1) in violation of the Act's registration requirements *or* (2) "by means of an untrue statement of a material fact or omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which it is made, not misleading." S.C.Code § 35–1–509. In its complaint, Plaintiff premises the Section 35–1–509 claim on the allegation that Defendants sold securities "without proper registration of securities, agents or broker dealers," *and* sold securities "by means of untrue statements of material fact and omissions of material fact." (Complaint ¶¶ 42–46.) Thus, Plaintiff's Section 35–1–509 claim relies on two theories of liability, only one of which requires the consideration of a federal statute. In other words, without considering whether Defendants complied with the Act's registration re-

exempt from registration under "this subchapter pursuant to—**(A)** paragraph (1) or (3) of section 77d of this title, and the issuer of such security files reports with the Commission pursuant to section 78m or 78o(d) of this title; **(B)** section 77d(4) of this title; **(C)** section 77c(a) of this title, other than the offer or sale of a security that is exempt from such registration pursuant to paragraph (4), (10), or (11) of such section, except that a municipal security that is exempt from such registration pursuant to paragraph (2) of such section is not a covered security with respect to the offer or sale of such security in the State in which the issuer of such security is located; or **(D)** Commission rules or regulations issued under section 77d(2) of this title, except that this subparagraph does not prohibit a State from imposing notice filing requirements that are substantially similar to those required by rule or regulation under section 77d(2) of this title that are in effect on September 1, 1996." 15 U.S.C. § 77r(b).

quirements, Plaintiff can recover under Section 35–1–509 if it proves Defendants made an "untrue statement of a material fact" in connection with the sale of the securities. Accordingly, because Plaintiff can support its claim under Section 35–1–509 with a theory of liability that does not call for an interpretation of federal law, no federal subject matter jurisdiction exists. *See Mulcahey,* 29 F.3d at 154 (finding that "because the Plaintiffs' alternative theory of negligence *per se* [under the federal environmental statutes] is not 'essential' to their negligence [claim], no federal subject matter jurisdiction exists").

 Even if Plaintiff's Section 35–1–509 claim had relied exclusively on Defendants' alleged failure to comply with the Act's registration requirements and thus necessarily depended on an interpretation of federal statutes, the question of federal law raised by this claim is not substantial. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc.,* 478 U.S. at 813, 106 S.Ct. 3229; *see also Textile Workers Union of Am. v. Lincoln Mills of Ala.,* 353 U.S. 448, 470, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957) (Frankfurter, J., dissenting) (focusing the inquiry on "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote"). The Act's reference to federal law to determine exceptions to state registration requirements does not constitute reliance on the federal statute as a basis for the state law claim. *See Peele v. Enterprise Leasing Co. of Norfolk/Richmond,* 979 F.Supp. 1069, 1071 (E.D.Va.1997) (noting that the mere reference to a federal expression of state public policy is insufficient to create federal jurisdiction over an inherently state law cause of action). South Carolina's courts routinely determine whether a defendant has complied with the registration requirements of the South Carolina Uniform Securities Act.

*See e.g., Gordon v. Drews,* 595 S.E.2d 864 (S.C.Ct.App.2004) (finding that offering of stock was not exempt from registration requirements of South Carolina Uniform Securities Act); *Cowburn v. Leventis,* 366 S.C. 20, 619 S.E.2d 437 (2005) (finding a genuine issue of material fact as to whether the securities were exempt from the registration requirements of the Act). These same state courts are fully competent to interpret the federal Securities Act of 1933 and the Securities Exchange Act of 1934 to the extent necessary to determine if an exemption from registration under the South Carolina Act applies. This incidental federal issue does not rise to the level of substantiality required for a finding of federal jurisdiction. Further, Defendants' concern about the uniformity of interpretation of the federal securities statutes is considerably mitigated by the fact that, even if there is no original district court jurisdiction for this kind of action, the Unites States Supreme Court retains power to review the decision of a federal issue in a state cause of action. *Merrell Dow Pharmaceuticals Inc.,* 478 U.S. at 816, 106 S.Ct. 3229.

Accordingly, even if the court construed Plaintiff's complaint in such a way that it necessarily depended on federal law, the question of federal law that it raises is not substantial. Thus, the court does not have original jurisdiction to hear this case and removal was improper.

### CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff Beechwood Development Group, Inc.'s Motion and **REMANDS** this matter to the Court of Common Pleas for Charleston County.

**AND IT IS SO ORDERED.**