**Gloria PRASCHAK, Plaintiff,**

v.

**KMART CORPORATION, Pavement Systems, Inc., and Horizon Retail Construction, Inc., Defendants.**

No. 13–CV–00504.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 8, 2013.

Kristen E. Lukaszak, Hoey & Farina, P.C., Chicago, IL, for Plaintiff.

Shimon Ben Kahan, Seth Letterman Ellis, Haynes Studnicka Kahan O'Neill & Poulakidas LLC, Joseph R. Steiger, Maisel & Associates, Eugena A. Whitson–Owen, Demetria Danielle Pautz, Kurt Edward Olsen, Law Offices of Kurt E. Olsen, Chicago, IL, for Defendants.

### ORDER

EDMOND E. CHANG, District Judge.

Plaintiff Gloria Praschak filed this tort suit in the Circuit Court of Cook County against Defendants Kmart Corporation, Pavement Systems, Inc., and Horizon Retail Construction, Inc. R. 1–1, Def.'s Exh. A, Am. Compl. Praschak alleges that she suffered injuries while walking on a Kmart parking lot because Defendants negligently performed construction work and blocked off handicapped-accessible parking spaces.

Horizon Retail Construction removed the suit to this Court [R. 1] pursuant to 28 U.S.C. § 1441, alleging both diversity jurisdiction, 28 U.S.C. § 1332, and federal-question jurisdiction, 28 U.S.C. § 1331, as the bases for federal subject matter jurisdiction. For the reasons below, the Court

remands the case to the Circuit Court of Cook County.

## I.

In her complaint, Praschak alleges that during the night of her accident, she was unable to park in Kmart's handicapped-accessible parking spaces[1] because they were roped-off due to pavement construction. Am. Compl. ¶¶ 6–7. Consequently, she was forced to park in the back of the parking lot and away from the store. *Id.* ¶ 8. On the way back to her car after shopping at Kmart, she tripped over a hole or debris in the pavement and fell, suffering injuries. *Id.* ¶ 9.

The Amended Complaint contains two counts of premises liability (against Kmart and Pavement Systems) and one count of construction negligence (against Horizon). The three counts assert various theories of Illinois common law negligence, including that the defendants negligently blocked off handicapped-accessible parking spaces, failed to warn Praschak that no handicapped-accessible parking spaces were available, littered the Kmart walkway with debris, and created holes or uneven pavement in the walkway. *See generally id.* at 3–8. The Amended Complaint also pleads:

> At all relevant times, there was in force a statute known as the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, and federal regulations promulgated thereunder, which imposed on Kmart, as owner of the premises, a duty to reasonably accommodate Plaintiff with handicapped-accessible parking. *See* 23 C.F.R. Pt. 36, App. A, 4.1.2(5)(a).

*Id.* ¶ 11. The Amended Complaint repeats this allegation against Pavement Systems and Horizon, *see id.* ¶¶ 19, 26, and alleges that Defendants' negligence violated the ADA. *See id.* ¶¶ 13a, 20a, 27b, 27c.

Horizon removed this action to federal court [R. 1] pursuant to 28 U.S.C. § 1441. The initial Notice of Removal premised subject matter jurisdiction on both diversity of citizenship, 28 U.S.C. § 1332, and federal-question jurisdiction, 28 U.S.C. § 1331. After this Court issued its January 28, 2013 order [R. 5] requesting that the parties address whether this case was properly removed, Horizon filed an Amended Notice of Removal [R. 12]. The Amended Notice of Removal concedes there is no complete diversity of citizenship, which 28 U.S.C. § 1332(a)(1) requires. *See* R. 12, Am. Notice of Removal ¶ 3. So the remaining issue is whether the Court has subject matter jurisdiction based on the existence of a federal question. 28 U.S.C. § 1331.

## II.

■ A civil action brought in a state court "of which the district courts of the United States have original jurisdiction" may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). And a district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, a suit "arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). "Thus, the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

---

1. Praschak has a handicapped sticker on her car that authorizes her to park in handicapped-accessible parking spaces. Am. Compl. ¶ 6.

■ But federal-question jurisdiction may also be proper if a "well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "There is no 'single, precise definition' of that concept; rather, 'the phrase "arising under" masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system.'" *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. 3229 (quoting *Franchise Tax Bd.,* 463 U.S. at 8, 103 S.Ct. 2841).

Horizon asserts that removal is proper because this is supposedly that kind of rare case: a state-created cause of action containing the presence of a federal issue necessarily "requir[ing] resolution of a substantial question of federal law." *See Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. 2841. According to Horizon, the Court must interpret the ADA because the "allegations of negligence are not state-law claims, but rather are founded and constructed on the provisions of the ADA." R. 18, Horizon's Resp. at 4. Kmart agrees. R. 16, Kmart's Resp. ¶ 6. In response, Praschak argues that the allegations of ADA violations are only *evidence* that Defendants were negligent under Illinois common law in causing her injuries. R. 14, Pl.'s Mem. at 5–6. Thus, she believes that her right to relief does not necessarily depend on the resolution of any substantial issues under the ADA—only whether Defendants violated the ADA. *Id.* at 6.

■ Although there is no "single, precise, all-embracing" test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties, *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 821, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (Stevens, J., concurring), the Supreme Court has laid out several important factors. The first factor is whether the federal statute embedded in the state-law claim creates a private federal cause of action for its violation. *Merrell Dow,* 478 U.S. at 814, 106 S.Ct. 3229. Any absence of a private federal cause of action "is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* But this absence is not dispositive of federal-question jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 318, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Accordingly, a court must consider a second factor: whether the violation of the federal statute is just an alternative basis for establishing the state-law claim. *See Christianson,* 486 U.S. at 810, 108 S.Ct. 2166. If the plaintiff can support her state-law claim with theories unrelated to the federal statute, then the state-law claim does *not* arise under federal law. *See id.* at 812–13, 108 S.Ct. 2166 (holding that the Federal Circuit did not have exclusive jurisdiction over Sherman Act antitrust claims because federal patent law was just an alternative basis for establishing the antitrust claims). Finally, a court must consider whether entertaining the state-law claim would "disturb[ ] any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314, 125 S.Ct. 2363.

District courts have applied these principles to these same circumstances presented by Praschak's complaint. In several cases, parties have attempted to bring state-law tort claims based on theories of negligence—all including some theories premised upon violations of the ADA—into federal court (via removal or as an original action). *See Hudson v. AJS Assocs.,* 2008 WL 5214203 (M.D.Tenn. Dec. 12, 2008) (original action); *Pena v. H.E. Butt Grocery Co.,* 2005 WL 2277500 (S.D.Tex. Aug.

22, 2005) (removal); *Wagner v. Regent Invs., Inc.,* 903 F.Supp. 966 (E.D.Va.1995) (removal). The district courts rebuffed each attempt to secure federal-question jurisdiction. *Hudson,* 2008 WL 5214203, at *3; *Pena,* 2005 WL 2277500, at *3; *Wagner,* 903 F.Supp. at 971. Although these opinions are not binding, this Court believes that their reasoning is persuasive.

For example, in *Wagner,* a paraplegic plaintiff sued a convenience store for personal injuries suffered on-site in state court. 903 F.Supp. at 967–68. The complaint alleged four theories of recovery, two of which relied upon the ADA: (1) the defendant was negligent *per se* as a result of its failure to comply with the public accommodations provisions of the ADA, 42 U.S.C. §§ 12181–88, and (2) the defendant was negligent in failing to provide the plaintiff with a safe entrance and exit as measured by the standard set forth in those ADA provisions. *Id.* at 968. After the defendant removed to federal court, the district court granted the plaintiff's motion to remand. *Id.* at 968, 971. It did so for two reasons. First, it concluded that the public accommodation provisions of the ADA did not create a private right of action for the tort damages that the plaintiff sought. *Id.* at 970. Thus, the reference to the ADA provisions in the state court complaint was insufficiently substantial to confer federal-question jurisdiction. *Id.* Second, it held that the plaintiff stated multiple theories of relief for his personal injury cause of action—including at least two theories relying solely on Virginia statutory and common law—so the incorporation of the ADA was just evidence of negligence. *Id.* at 968, 970.

■■■ This Court applies the same reasoning and reaches the same result. Like the plaintiff in *Wagner,* Praschak also includes in her state-court complaint several allegations that Defendants negligently failed to comply with the public accommo-

dation provisions of the ADA. *See* Am. Compl. ¶¶ 11, 13a, 19, 20a, 26, 27b, 27c. But the public accommodation provisions of the ADA do not create a private cause of action for compensatory damages. *Howard v. Cherry Hills Cutters, Inc.,* 935 F.Supp. 1148, 1149 (D.Colo.1996); *Wagner,* 903 F.Supp. at 970; *accord Gregory v. Otac, Inc.,* 247 F.Supp.2d 764, 770 (D.Md. 2003). Instead, subchapter III of the ADA permits "any person who is being subjected to discrimination on the basis of disability" to sue "for *preventive relief,* including an application for a permanent or temporary injunction, restraining order, or other order." 42 U.S.C. §§ 12188(a)(1), 2000a–3(a) (emphasis added). Here, Praschak seeks compensatory damages—and not preventive or injunctive relief—for Defendants' alleged negligence. *See* Am. Compl. ¶¶ 15, 22, 29. Accordingly, Congress's decision not to create a private right of action for Praschak's desired relief supports a conclusion that a "reference to ADA provisions in a state court action for damages is insufficiently substantial to confer federal question jurisdiction over the claim." *Wagner,* 903 F.Supp. at 970 (internal quotation marks omitted); *see also Grable,* 545 U.S. at 318, 125 S.Ct. 2363.

Second, the reference to the ADA provisions in Praschak's Amended Complaint is only an alternative basis for establishing her theories of liability. Praschak alleges that Defendants owed her a duty of reasonable care—arising from Illinois common law—in addition to the duty to comply with the provisions of the ADA. *See* Am. Compl. ¶¶ 12, 18, 25. Besides alleging that the Defendants negligently violated the ADA, *see id.* ¶¶ 13a, 20a, 27b, 27c, she alleges at least six different theories that Defendants violated their duty of reasonable care. These allegations range from Kmart's negligent failure to warn Praschak that no handicapped-accessible park-

ing spaces were available, *id.* ¶ 13c, to Pavement System's negligent creation of holes or uneven pavement, *id.* ¶ 20h, to Horizon's negligent management and supervision of the construction, *id.* ¶ 27c. So like the plaintiff in *Wagner*, Praschak incorporated the allegations of ADA violations as evidence that Defendants were negligent; she may thus be entitled to relief even if the Defendants had no duty to comply with the ADA. 903 F.Supp. at 970; *see also Chicago Tribune Co. v. Bd. of Trs. of Univ. of Ill.*, 680 F.3d 1001, 1004 (7th Cir.2012) ("A state court therefore might rule in [the defendant's] favor wholly as a matter of state law—which suggests that the federal issue not only is not 'necessarily' presented, but may never be presented at all...."); *Pena*, 2005 WL 2277500, at *3 ("[F]ederal question jurisdiction does not exist because Plaintiff is, at most, citing the UFAS standards [incorporated in the ADA] as an alternative theory in support of her single Texas common-law negligence claim."). Because Praschak's complaint alleges alternative, non-ADA theories of negligence, her suit does not "arise under" the ADA. *See Christianson*, 486 U.S. at 813, 108 S.Ct. 2166.

Horizon asserts that this case warrants federal-question jurisdiction because it is similar to the facts in *Grable*. There, the Court held that federal courts had federal-question jurisdiction over a state-law quiet title action premised upon the IRS's failure to notify the plaintiff of a property seizure (which it was required to do by federal law). *Grable*, 545 U.S. at 311, 316, 125 S.Ct. 2363. The Court did so, however, because "notice within the meaning of the federal statute is thus an essential element of [the plaintiff's] quiet title claim,

and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case." *Id.* at 315, 125 S.Ct. 2363. In contrast, application of the ADA is *not* an essential element of Praschak's negligence claims, the resolution of which will require contesting more than one legal or factual issue.

More importantly, the Court in *Grable* noted that asserting federal-question jurisdiction over the quiet-title action would best maintain "the balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314, 125 S.Ct. 2363. Indeed, it concluded, "[B]ecause it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction ... will portend only a microscopic effect on the federal-state division of labor." *Id.* at 315, 125 S.Ct. 2363. Not so with state-law tort actions like this one. Indeed, as *Grable* itself recognized in distinguishing *Merrell Dow*, "[t]he violation of federal statutes and regulations is commonly given negligence *per se* effect in state tort proceedings." *Id.* at 318, 125 S.Ct. 2363 (internal quotation marks and citation omitted). As a consequence, "[a] general rule of exercising federal jurisdiction over state [tort] claims resting on federal ... statutory violations would thus ... herald[ ] a potentially enormous shift of traditionally state cases into federal courts." *Id.* at 319, 125 S.Ct. 2363. *Grable* itself therefore counsels in favor of remanding this case.

### III.

For the reasons discussed above, removal of this case to federal court was improper.[2] The Clerk of the Court is directed to

2. This Court therefore lacks the jurisdiction to rule (as Defendant Kmart suggests this Court should) on Pavement Systems' motion to dismiss that was stricken by the Circuit Court of Cook County—even if this motion had actually been presented to the Court. *See* Kmart's Resp. ¶¶ 7–8.

remand this case to the Circuit Court of Cook County, Illinois, County Department, Law Division, each party to bear its own costs of removal.